OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The Appellate Division erred, however, in the reasons given for leaving the matter with Special Term. The determination of whether the petitioner’s property could be drained without endangering the environment, as well as other issues concerning the use of the property, may be raised only after a determination that the subject property comes within the Freshwater Wetlands Act (ECL 24-0107, subd 1). If it is determined that the property comes within the purview of the act, questions concerning the use of the property must be considered initially by the Department of Environmental Conservation or the duly empowered local government within the confines of an application for a permit (ECL 24-0703, subd 1; 24-0705, subd 1). Review of such determinations may then be sought either administratively or in the courts (ECL 24-1105).
 

 The sole question for judicial review in this proceeding, brought pursuant to ECL 24-1105, is whether the Freshwater Wetlands Act applies to petitioner’s property. Although the courts below held the act applicable to artificially as well as
 
 *927
 
 naturally created wetlands, it does not appear that the necessary factual findings have been made to decide whether the petitioner’s property constitutes a wetland within the meaning of the act. The matter, therefore, is properly before Special Term for consideration of this question.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.