OPINION OF THE COURT
C. Benn Forsyth, J.
The defendant, landowner, was charged with a violation of article 24 of the Environmental Conservation Law in that he modified freshwater wetlands without a permit. The People claim that he filled in wetland, and that he removed tree stumps with a bulldozer without a permit.
The threshold question is whether or not these were wetlands subject to ECL article 24. That law states that wetlands are those shown on a map as prepared by the commissioner. The parties concede that no such map has been prepared of the defendant’s lands. The commissioner argued that his *628 regulations cover alterations in lands which will eventually be mapped.
ECL 24-0107 (subd 1) defines freshwater wetlands as "lands and waters of the state as shown on the freshwater wetlands y regulated wetlands to those or final. It therefore is clear the activities of the commismap”. The statute limits legal shown on a map, preliminary that the Legislature restricted sioner to those lands shown on a properly prepared map. Any attempted regulation of lands not shown on a preliminary or final wetland map exceeds the authority granted the commissioner under the act and thus is illegal. An administrative body cannot act in excess of its statutory grant. The court therefore finds that the regulations of the Commissioner of the Department of Environmental Conservation be void insofar as they apply to the defendant’s unmapped lands.
The case of Matter of Rappl & Hoenig Co. v New York State Dept. of Environmental Conservation (47 NY2d 925) conforms to this position. In that case the Court of Appeals specifically stated that before any consideration could be made as to permits and uses of the lands, the court must first determine whether or not there were yetlands within the statutory definition. It sent the case back for a direct examination of this issue. In the case of Matter of Spears v Berle (63 AD2d 372, revd 48 NY2d 254) the parties conceded that the lands involved were wetlands subject to regulations. Thus this issue was not before the court. This court has been unable to find any case permitting the regulation of unmapped lands which are contended to be wetlands in fact but not in law.
The People attempted to establish that there had been a wetland determination by testimony of Mr. Hauber, to the effect that he was authorized to make the wetlands determination and that he had decided that the defendant’s lands were wetlands. It is well established that the declarations of an agent are not competent to establish his authority (Bussing v Lowell Film Prods., 233 App Div 493). In the absence of proof of some departmental rule or other official action of the Department of Environmental j Conservation, the court finds that there is no proof that the defendant’s lands were ever officially designated to be a wetland.
The Freshwater Wetlands Act is in derogation of the common law and to be strictly construed in favor of the landowner. The enforcement of the act by criminal charges further obligates the State to prove beyond a reasonable doubt that its *629 actions under the act were in strict compliance with the law, as passed by the Legislature. This court finds they have failed to meet this burden of proof.
The specific conduct of the defendant which is alleged to violate the law was the dumping of fill and the removal of stumps. The defendant owned a substantial amount of property, only part of which the State alleged was wetlands. The record does not indicate where the fill was dumped. Thus the court has a reasonable doubt as to whether or not any fill was dumped in the wetlands area. The other activity in removing stumps and leveling the ground could be one of those activities excepted under ECL 24-0107 (subd 4), as either timbering or engaging in the use of lands for growing agricultural products. The court therefore has a reasonable doubt, upon the state of the proof, whether or not such activity in fact violated the act. The People contend that even if it was agricultural use, there was no proof of notice to the commissioner of agricultural use, and thus the act was otherwise violated. Assuming that to be true, the charge before this court is alterating a wetland without a permit. Regardless of what other offenses may have occurred, the offense charged was not committed.
During the course of the trial many other issues were raised, such as failure to establish that the defendant consented to the fill activities, the issue of whether or not there was any basis in fact to declare these premises a wetland, and the failure to prove guilt beyond a reasonable doubt. The court has considered these issues also and upon the whole record, finds the defendant not guilty.