■ In the Matter of MARION STAPF, Petitioner, v ROBERT FLACKE, as Commissioner of the New York State Department of Environmental Conservation, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Rensselaer County) to annul a determination of the respondent Commissioner of the State Department of Environmental Conservation, which denied petitioner's application for a permit to fill in a pond. This is a CPLR article 78 proceeding to review a determination of the respondent Commissioner of the State Department of Environmental Conservation which denied petitioner's application for a permit to fill in a man-made pond located on her property in the Town of Nassau, Rensselaer County. Petitioner's employee was apparently informed just prior to commencing to fill in the pond that a permit was necessary. Without conceding that a permit was required, application to obtain one was made and denied. Thereafter, a hearing was held on the propriety of the denial and after making certain findings the hearing officer recommended an affirmance of the denial. Respondent adopted the hearing officer's report and affirmed the denial of the permit. The instant proceeding was then commenced. Petitioner raises two issues for our determination. She contends that respondent did not have jurisdiction to require her to obtain the permit before she could fill in her pond. She also contends that there is no substantial evidence to support respondent's determination on the merits. We will consider the jurisdictional issue first. The pond in question is adjacent and contiguous to Burden Lake and a navigable channel connects it with the lake. Respondent is authorized to grant or refuse a permit to place fill in certain bodies of water (ECL 15-0505). It is petitioner's contention that the instant pond is not subject to the proscription of the statute or the appropriate Department of Environmental Conservation (DEC) rules (6 NYCRR 608.4). Pursuant to ECL 15-0505 and 6 NYCRR 608.4, a permit is required before fill may be placed in navigable waters of the State. At the time of the hearing, navigable waters were defined as all "waters within the boundaries of the State and not privately owned" (6 NYCRR 608.1 [h]). Specifically, it is petitioner's contention that Burden Lake is privately owned by the Wynantskill Improvement Association. Consequently, petitioner argues that respondent had no jurisdiction to require a permit. Initially, we note that at the beginning of the hearing petitioner stated her jurisdictional objection. Petitioner, in her posthearing brief, also preserved the jurisdictional issue submitting therewith a deed which purported to establish that Burden Lake was privately owned. The hearing officer refused to consider the jurisdictional issue, stating that the deed was not timely offered and the jurisdictional issue was not raised. He then proceeded to decide the case on the merits. The record clearly demonstrates that the issue was raised and that the deed was timely submitted. Pursuant to DEC rules a hearing is officially closed "upon the receipt of * * * technical data or other material agreed at the hearing to be made available after the hearing, or the submission of briefs * * * memoranda and exceptions, if any, by the various parties, whichever occurs later. The department shall notify the applicant by certified mail immediately upon completion of the record" (6 NYCRR 621.14 [f] [3]). A complete hearing record includes all motions that were made (6 NYCRR 621.1 [e] [1]). The record reveals that the hearing was officially closed on April 9, 1979. It is clear from a review of the hearing officer's report that the deed in question was submitted and the jurisdictional motion made prior to the official closing of the hearing. The hearing officer, in our view, acted arbitrarily in not considering the jurisdictional motion and in concluding that the deed was not timely sub-

mitted. Accordingly, there must be an annulment and the matter remitted. We consider no other issue. Determination annulled, without costs; petition granted in part, and matter remitted to the Department of Environmental Conservation for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.