OPINION OF THE COURT
Aaron E. Klein, J.
By order to show cause dated July 2,1981, the petitioner has commenced a CPLR article 78 proceeding in the nature of mandamus (CPLR 7803, subd 1) for a judgment directing the respondent to issue a permit; pursuant to ECL 15-0505 and 70-0109 (subd 3, pars [a], [b]) so as to enable the petitioner to fill a man-made pond located on her premises. The respondent has moved by notice of motion to dismiss the petition on objections in point of law (CPLR 7804, subd [f]). As now composed, the motion of the respondent contends that the petition fails to state a cause of action (CPLR 3211, subd [a], par 7) urging that the issuance of a permit by the respondent is a discretionary act rather than a duty enjoined on it by law and is, therefore, not subject to mandamus; that the court does not have jurisdiction over the subject matter of the petition (CPLR 3211, subd [a], par *369 2) as there is no final determination for which review can be had; and, that the petitioner has failed to exhaust her administrative remedies making the application premature (CPLR 3211, subd [a], par 7).
Petitioner initially commenced a CPLR article 78 proceeding seeking a review of the denial of her application for a permit to fill a pond. After its transferral to the Appellate Division, Third Department, by Special Term, the Appellate Division held that the hearing officer “acted arbitrarily in not considering the jurisdictional motion and in concluding that the deed was not timely submitted.” (Matter of Stapf v Flacke, 80 AD2d 927, 928.) It then annulled the determination of the respondent that had previously denied the application and remitted the matter (p 928) “to the Department of Environmental Conservation for further proceedings not inconsistent”. By way of background, the article 78 proceeding challenged the respondent’s determination on two grounds. The first was that the respondent’s hearing officer erroneously failed to consider a deed which had been submitted in a posthearing brief by the petitioner, which deed arguably could have been a basis to find that there was no permit required because the respondent did not have jurisdiction to require her to obtain a permit since a permit would not be required for waters that were privately owned. (6 NYCRR 608.1 [h].) The second argument posed by the petitioner in her article 78 proceeding was that there was no substantial evidence to support the respondent’s determination on the merits. The Appellate Division not having reached the merits, as mentioned above, remitted the matter for further proceedings not inconsistent.
In this article 78 proceeding, the petitioner seeks to take advantage of ECL 70-0109 (subd 3, par [b]) which permits an applicant to cause a notice to be served on the respondent after 60 days have passed from the receipt by the department of a complete record, by certified mail. “If, within five working days after the receipt of such notice, the department fails to mail a decision, the application shall be deemed approved and a permit deemed granted subject to any standard terms or conditions applicable to such a permit.” (ECL 70-0109, subd 3, par [b].)
*370 For the purposes of this motion, “the facts alleged in the petition are deemed to be true and are considered in the light most favorable to petitioner (Matter of Nistal v Hausauer, 308 NY 146; Matter of Board of Educ. v Allen, 32 AD2d 985).” (Matter of Rappl & Hoenig Co. v New York State Dept. of Environmental Conservation, 61 AD2d 20, 22, affd 47 NY2d 925.)
The petition before the court alleges facts concerning the prior article 78 proceeding, and the decision of the Appellate Division. It states that the order of the Appellate Division was served on the Attorney-General in March of 1971 [sic]. It claims that the respondent had a “complete record and all materials necessary for him to render a decision in accordance with the Appellate Division’s remittitur no later than April 6, 1981.” It goes on to allege the mailing of notices in June of 1981. Significantly, the petition contains the allegation that the respondent has sought to solicit briefs from interested parties concerning the applicability of the deed, albeit after the expiration of the five-day period contained in ECL 70-0109 (subd 3, par [b]).
“An article 78 proceeding in the nature of mandamus does not lie unless the act sought to be compelled is ministerial, nondiscretionary and nonjudgmental, and is premised upon specific statutory authority mandating performance in a specified manner (see Matter of Stutzman v Fahey, 62 AD2d 1070; Matter of Posner v Levitt, 37 AD2d 331 (Matter of Peirez v Caso, 72 AD2d 797.)
The question now before the court is whether by operation of law the permit, which has already been denied to the petitioner, is now deemed granted, pursuant to the foregoing section of the Environmental Conservation Law.
It is this court’s view that this section is not operative at this juncture. The Appellate Division in remitting the matter to the respondent “for further proceedings not inconsistent” implicitly has directed that a decision on the merits is to be made by the respondent concerning the effect, if any, of the deed. Under that direction, it appears to this court that the respondent possesses the discretionary authority to reopen the hearing for the introduction of “significant new evidence *** or for similar substantial *371 reasons” (6 NYCRR 621.14 [f] [10]). Therefore, it is this court’s opinion that there is not presently before the respondent a “complete record” within the meaning of ECL 70-0109 (subd 3, par [a], cl [ii]) such as to “deem the permit granted by passage of time.”
Accordingly, the petition is dismissed on the ground that it fails to state a cause of action since the facts in the petition demonstrate that the section upon which petitioner relies is not now operative.