OPINION OF THE COURT
Harold J. Hughes, J.
This proceeding will be transferred to Nassau County. Counsel for petitioners is directed to submit a proposed order effecting such transfer.
This is a CPLR article 78 proceeding challenging a determination of the Commissioner of Environmental Conservation which designated ponds located upon 81 acres of land owned by petitioners are freshwater wetlands. The land is located in the Town of Oyster Bay, Nassau County. The Commissioner’s decision was made after a hearing mandated by law (see, ECL 24-0301 [4]) and, in effect, petitioners contend that there is no support in the record for the Commissioner’s factual determination that the ponds are hydraulically connected to an aquifer and are inhabited by the eastern tiger salamander.[1] For some unexplained reason petitioners commenced this proceeding in Albany County and respondents have not moved to change the venue to Nassau County.
*576 ECL, article 24, tit 11 governs administrative and judicial review of determinations made by the Commissioner and Department of Environmental Conservation under the Freshwater Wetlands Act. A petitioner dissatisfied with the Commissioner’s ruling may take an administrative appeal to the freshwater wetlands appeals board (ECL 24-1101) or commence an article 78 proceeding, as these petitioners did, in Supreme Court (ECL 24-1105; Weinberg, Practice Commentary, McKinney’s Cons Laws of NY, Book 17%, ECL 24-1105, p 511). ECL 24-1105 (2) states that venue of such article 78 proceedings is “in the supreme court for the county in which the freshwater wetlands affected are located”.[2]
The operation of section 24-1105 is demonstrated in Matter of Rappl & Hoenig Co. v New York State Dept. of Envtl. Conservation (88 Misc 2d 541, revd 61 AD2d 20, affd 47 NY2d 925). There, a 39-acre parcel affected by the Freshwater Wetlands Act was located in Monroe County. When the Commissioner and Department made a ruling adverse to it, the petitioner, without taking an administrative appeal to the freshwater wetlands appeals board, commenced an article 78 proceeding against the Department pursuant to ECL 24-1105 (2) in Monroe County, not Albany County, where proceedings against the Department are usually tried. The Court of Appeals approved that procedure, stating: “If it is determined that the property comes within the purview of the act, questions concerning the use of the property must be considered initially by the Department of Environmental Conservation or the duly empowered local government within the confines of an application for a permit * * * Review of such determinations may then he sought either administratively or in the courts (ECL 24-1105)” (47 NY2d 925, 926, supra; emphasis supplied).
The court’s citation of ECL 24-1105 as authorizing an article 78 proceeding without the need for taking an administrative appeal indicates that the venue direction set forth in subdivision *577 (2) of the statute should govern where the proceeding may be commenced. Here, the proceeding should have been commenced in Nassau County.
In actions or proceedings affecting the title or interest in real property, the Supreme Court has inherent power to change the venue of the action or proceeding to the county where the real property is located (Reichenbach v Corn Exch. Bank Trust Co., 249 App Div 539, 541). The designation of petitioners’ real property as a freshwater wetland certainly affects their interest in the property. ECL 24-1105 and 25-0201 (5) establish a legislative intent that proceedings involving wetlands be heard in the county where the subject real property is located. Whenever possible Supreme Court should see that the intent of the Legislature is carried out. Consequently, sua sponte, this court will transfer this proceeding from Albany County to Nassau County.

. The court does not pass upon whether a transfer to the Appellate Division is required under CPLR 7804 (g) (see, O’Brien v Barnes Bldg. Co., 85 Misc 2d 424).

. Professor Weinberg has noted in his Practice Commentary (McKinney’s Cons Laws of NY, Book 17½, ECL 24-0101, p 463) that, “The Freshwater Wetlands Act * * * should be considered in conjunction with its slightly elder sibling, the Tidal Wetlands Act, Article 25. Many provisions are parallel.” The parallel provision of ECL 24-0301, relied upon by petitioners, is ECL 25-0201 which, in subdivision (5), places venue of article 78 proceedings “in the supreme court for the county in which the tidal wetlands are located”. A reading of the pertinent provisions of ECL articles 24 and 25 establishes a legislative intent to place the venue of article 78 proceedings challenging wetland rulings in the Supreme Court for the county where the purported wetland is located.