■ MELIHA KALKAN et al., Appellants, v NYACK HOSPITAL et al., Respondents. [642 NYS2d 74] —In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated January 12, 1995, which granted the separate motions of the defendant Nyack Hospital and the defendants Rockland Radiological Group, P. C., and Elliot V. Handler, respectively, to dismiss the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In a previous action between the parties herein, the Supreme Court precluded the plaintiffs from calling a medical expert on the ground that they had failed to comply with the court's order regarding expert disclosure. Thereafter, prior to any proof being taken at trial, the Supreme Court granted the defendants' respective motions to dismiss the complaint, and this Court affirmed the judgment entered thereon (*see, Kalkan v Nyack Hosp.,* 214 AD2d 538).

Prior to this Court's affirmance, and less than six months after the Supreme Court's judgment dismissing the complaint, the plaintiffs commenced a second action pursuant to CPLR 205 (a). The Supreme Court granted the defendants' respective motions to dismiss the complaint in this action and this appeal followed.

Where a plaintiff's noncompliance with a disclosure order results in an order of preclusion so as to effectively close the plaintiff's proof, the dismissal of the complaint resulting from the noncompliance is on the merits (*see, Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737; *compare, Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614). Therefore, the defendants' respective motions to dismiss the complaint in this action were properly granted. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.