■ DAVEZ BARBER et al., Appellants, v L. PFEIFFER et al., Respondents, et al., Defendants. [690 NYS2d 600] —In an action to recover damages for medical malpractice, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered July 22, 1997, which, upon an order of the same court dated June 16, 1997, granting the motion of the defendants L. Pfeiffer and S. Hennessey for summary judgment, is in favor of those defendants and against them dismissing the complaint insofar as asserted against the defendants L. Pfeiffer and S. Hennessey.

Ordered that the judgment is affirmed, with costs.

The infant plaintiff was allegedly injured while a patient at the University Hospital at SUNY-Stonybrook, a New York State facility. The defendants L. Pfeiffer and S. Hennessey were nurses at the hospital and State employees. Prior to commencing the instant action, the plaintiffs filed a claim against the State of New York in the Court of Claims arising out of the same facts which form the basis of the instant action. However, the Court of Claims dismissed that claim after the plaintiffs failed to comply with a conditional preclusion order. At issue on the instant appeal is whether the Supreme Court properly granted the motion of the defendants L. Pfeiffer and S. Hennessey dismissing the complaint insofar as asserted against them on the ground that this action is barred by the doctrine of res judicata. The Supreme Court correctly granted summary judgment.

"Where a plaintiff's noncompliance with a disclosure order results in an order of preclusion so as to effectively close the plaintiff's proof, the dismissal of the complaint resulting from the noncompliance is on the merits" (*Kalkan v Nyack Hosp.,* 227 AD2d 382, 383, citing *Strange v Montefiore Hosp. & Med. Ctr.,* 59 NY2d 737). Such a dismissal "should be given res

judicata effect in order to prevent the plaintiff from circumventing the preclusion decree" (*Barrett v Kasco Constr. Co.,* 56 NY2d 830, 831; *see, Strange v Montefiore Hosp. & Med. Ctr., supra,* at 739). Because the dismissal of the plaintiffs' prior claim by the Court of Claims was on the merits, the instant action is barred by the doctrine of res judicata (*see, Henion v Comptroller of State of N. Y.,* 153 Misc 2d 977, 982, *mod on other grounds* 197 AD2d 807; *Scialdone v Shah,* 197 AD2d 567). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.