■ JUNG HEE LEE, Appellant, v MELISSA M. VIERA, Respondent. [42 NYS3d 337]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme

Court, Queens County (Greco, Jr., J.), dated May 11, 2015, as granted that branch of the defendant's motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the doctrine of res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced an action to recover damages for personal injuries on October 17, 2012. As a result of the plaintiff's repeated failure to comply with court-ordered discovery, the Supreme Court issued a conditional order of preclusion dated January 15, 2014. When the plaintiff failed to comply with the order dated January 15, 2014, the defendant moved for summary judgment dismissing the complaint, and the plaintiff opposed the motion. By order dated September 17, 2014, the Supreme Court granted the defendant's motion for summary judgment, holding that the plaintiff's failure to appear for deposition as directed in the order dated January 15, 2014, precluded the plaintiff from establishing a prima facie case of liability against the defendant. The plaintiff appealed from that order, but never perfected the appeal and subsequently withdrew the appeal.

On December 10, 2014, the plaintiff commenced this action against the defendant based on the same facts and seeking relief identical to the relief sought in the prior action. The defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (4) and (5). The Supreme Court granted that branch of the defendant's motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it was barred by the doctrine of res judicata.

A dismissal is on the merits where a plaintiff attempts "to circumvent an order of preclusion or summary judgment, the function of which is to effectively foreclose [the] proponent's offer of proof" (*Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615 [1985]; *see Kalinka v Saint Francis Hosp.*, 34 AD3d 742, 744 [2006]; *Barber v Pfeiffer*, 261 AD2d 495, 495 [1999]). Contrary to the plaintiff's contention, the order in the prior action granting the defendant's motion for summary judgment dismissing the complaint was on the merits (*see Strange v Montefiore Hosp. & Med. Ctr.*, 59 NY2d 737, 738-739 [1983]; *Smith v Palmieri*, 103 AD2d 739, 741 [1984]; *Santangelo v YMCA of Greater N.Y.*, 100 AD2d 581 [1984]; *Barrett v Kasco Constr. Co.*, 84 AD2d 555, 556 [1981], *affd* 56 NY2d 830 [1982]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was, in effect, to dismiss the complaint pursuant to CPLR 3211 (a) (5) on the ground that it

was barred by the doctrine of res judicata (*see Kalinka v Saint Francis Hosp.*, 34 AD3d at 744; *Santangelo v YMCA of Greater N.Y.*, 100 AD2d at 581-582). Rivera, J.P., Roman, Cohen and Miller, JJ., concur.