THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM LAWRENCE SHAFER, Appellant. (Action No. 1.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM STEPHEN MARINACCIO, Appellant. (Action No. 2.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENEDICT THOMAS PETERS, JR., Appellant. (Action No. 3.)

Fourth Department, June 27, 1968.

*Robert S. Amdursky* for appellants.

*John R. Murray, District Attorney,* for respondent.

Witmer, J.   The three defendants in these cases were convicted on their respective pleas of guilty to similar indictments against them charging in part that they severally violated paragraph (d) of subdivision 2 of section 3324 of the Public Health Law of New York; and they have appealed from the convictions upon the grounds that the indictments were insufficient in law and that the sentences were excessive.

Section 3305 of the Public Health Law provides:

"Narcotic control; acts prohibited; in general.   It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this article."

The pertinent parts of section 3324 of the Public Health Law under which defendants were indicted provide:

"Preparations excepted from prescription or order.   1. The following preparations may be sold at retail by pharmacists * * * without a physician's prescription on written order, in quantities of not more than four fluid ounces to one person at any one time:   * * *

"2. The exception authorized by this section shall be subject to the following conditions:   * * *

"(d) it shall be unlawful for any person not possessing a special tax registration to purchase more than four ounces of any such preparation at any one time, or for any person to purchase any quantity of such preparation for purposes other than as a medicine, or for any person to give a false name or address when purchasing such preparation."

The first count of each indictment against the three defendants herein charges that the particular defendant, from a specified date and continuing until a designated date, in the County of Oswego did commit the crime of purchasing preparations excepted from prescription or order in violation of paragraph

(d) of subdivision 2 of section 3324 of the Public Health Law of the State of New York " in that he did wrongfully, unlawfully, wilfully, intentionally, and knowingly purchase quantities of medicinal preparations containing one grain of codeine per one fluid ounce, while not possessing a special tax registration to purchase more than four ounces of any such preparation at any one time, *in that he did purchase more than one four-ounce bottle of Robitussin A-C*, each bottle containing four grains of codeine, a narcotic, and did purchase said bottles *on the same days* in violation of the above section of law." (Emphasis added.)

Defendant Shafer demurred to the indictment, but his demurrer was overruled. The record does not show whether an order was entered on such ruling; and the appeal is only from the judgment of conviction. Following that ruling, defendant Shafer demanded a bill of particulars, and the People supplied such bill. Therein the People alleged that between January 10, 1966 and March 27, 1967 said defendant made 141 purchases of four fluid ounce bottles of Robitussin A-C; but from the dates of purchase and the names of the vendors given, it appears that on only 10 days were two such purchases made, and on only one of those days (March 25, 1967) were the two purchases made in the same city, and even there the purchases were made from different druggists. The People do not contend that the particulars in support of indictments against the defendants Marinaccio and Peters, Jr. were materially different from those in the Shafer case.

Defendants point to the fact that whereas the statute forbids purchase of more than four ounces of such preparation " at any one time ", the indictments charge the defendants with making more than one such purchase " on the same days "; and the question is whether such indictments charge a violation of the statute, so as to support the judgments of conviction.

The fact that the defendants pleaded guilty to the respective indictments will not cure the indictments, if bad, for the plea does not constitute a waiver of an objection to the validity of the indictment. That is true even as to defendants Marinaccio and Peters, Jr., who did not demur to the indictments against them; and if it is found that the indictments did not charge defendants with a crime, the convictions must be vacated and the indictments dismissed (*People* v. *Scott,* 3 N Y 2d 148, 152; *People* v. *Adams,* 28 A D 2d 708).

The first counts of the indictments are clearly not in the language of the statute; and we must determine whether the words " on the same days " have substantially the same mean-

ing as the statutory words "at any one time". The People concede that purchases made by a person on different days are not made "at any one time". It would seem equally clear that two purchases made by a person in different communities on a given day are not made "at any one time", as those words are normally understood; and by a parity of reasoning two purchases by a person on one day in two different stores in one community are not made "at any one time". Such purchases might be made on one shopping trip, but that is extending the normal meaning of "any one time". Such purchases from two different stores by a person on one day could literally be made "on the same days", however; and that demonstrates that the latter words in the indictments exceed the bounds of the statutory limitation.

Statutory language is generally to be read in accordance with the ordinary understanding of the words used (*Bright Homes* v. *Wright,* 8 N Y 2d 157, 161–162; 56 N. Y. Jur., Statutes, § 121); and words will not be expanded so as to enlarge their meaning to something which the Legislature could easily have expressed but did not (*American Sur. Co. of N. Y.* v. *Town of Islip,* 268 App. Div. 92, 98; 56 N. Y. Jur., Statutes, §.107). In *Meltzer* v. *Koenigsberg* (302 N. Y. 523, 525) the court said: "The language found in the statute is clear and unambiguous, and, as this court long ago declared, and frequently repeated, in the construction of statutes, the intent of the framers 'is to be sought first of all, in the words and language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning * * * Courts cannot correct supposed errors, omissions or. defects in legislation * * *. The office of interpretation is to bring sense out of the words used, and not bring a sense into them.'" And see *Matter of Daniman* v. *Board of Educ. of City of N. Y.* (306 N. Y. 532, 543).

The statute upon which these indictments rest is penal in nature (see Public Health Law, § 3354). The prohibition of such a statute may not be extended to doubtful situations (*City of Rochester* v. *Rochester Gas & Elec. Corp.,* 233 N. Y. 39, 52). In *People* v. *Shakun* (251 N. Y. 107, 113) the court said: "It is well settled that a criminal statute should narrowly be construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression

of the legislative intent to make them criminal.'' (And, see, *Hornstein* v. *Paramount Pictures,* 292 N. Y. 468, 471.)

It seems apparent that the legislative intent behind the statute in the cases at bar was the prevention of the use of narcotic drugs for nonmedicinal purposes; and that the purpose was known to these defendants. Indeed, the acts of defendant Shafer indicate that he understood the purpose of the law, and deliberately acted to circumvent it and avoid it, although such acts did not violate the express provisions of the law. Under the theory that a person may do what is not prohibited, and that penal laws are construed strictly in favor of defendants (*People* v. *Shakun, supra*), the mere intentional violation of a general purpose of a law will not constitute a violation of the law, if the law can reasonably be read as not prohibiting the particular conduct. (See *People* v. *Sansanese,* 17 N Y 2d 302.) The citizen may assume that the Legislature knew how to draft a bill to forbid conduct it wished to ban, and when expressly specifying what acts are forbidden, would have included any conduct which it wished to ban (*American Sur. Co. of N. Y.* v. *Town of Islip,* 268 App. Div. 92, 98, *supra*; and, see, *People* v. *Woodruff,* 32 N. Y. 355, 363–364; 56 N. Y. Jur., Statutes, § 107).

There could be valid reasons why the Legislature did not provide in paragraph (d) of subdivision 2 against more than one such purchase being made on any one day, or against the retention of such a purchase without using it before making an additional purchase. It is clear that the Legislature could have spelled out a much more restrictive statute which would more effectively have prohibited the nonmedicinal use of such narcotic drugs. The citizen should not, however, be left to conjecture as to whether the law forbids acts beyond its express language; and he should be able to assume that for good and sufficient reason the Legislature has not forbidden acts which obviously and easily could have been, but were not, included in the language of the law had the Legislature chosen to do so.

We conclude, therefore, that the first count of each indictment fails to charge a violation of said statute, and thus such counts do not charge defendants with a crime.

When defendant Shafer pleaded guilty to the first count of the indictment against him, the court, upon motion of the District Attorney, dismissed the second count which charged defendant with purchasing quantities of Robitussin A-C in excess of four fluid ounces for purposes other than as a medicine in violation of the last portion of paragraph (d) of subdivision 2 of section 3324 of the Public Health Law, quoted above.

Defendant Shafer's conviction, therefore, rests solely on his plea of guilty to the first count of the indictment.

The indictments against defendants Robert Stephen Marinaccio and Benedict Thomas Peters, Jr. each contained three counts. The second count in each was the same as the second count against defendant Shafer mentioned in the preceding paragraph. The third count in each indictment charged each of said two defendants with violating that portion of paragraph (d) of subdivision 2 of section 3324 of the Public Health Law which makes it unlawful for a person to give a false name or address when purchasing such preparation. The two defendants pleaded guilty to all three counts of the respective indictments. The court accepted the pleas and pronounced judgment convicting each defendant upon his plea of guilty to his indictment; and on the first count of each indictment the court sentenced the respective defendants to one year confinement in Oswego County Jail, and he suspended sentence against each of them with respect to the second and third counts of said indictments.

In the light of our disposition of the appeals it is unnecessary to pass on the issue of the excessiveness of the respective sentences.

The judgment as to appellant, Shafer, should be reversed, the sentence vacated and the first count of the indictment dismissed. The respective judgments as to appellants, Marinaccio and Peters, Jr., should be modified by dismissing the first count of the respective indictments, vacating the sentence imposed thereon and, as so modified each judgment should be affirmed.

WILLIAMS, P. J., BASTOW, GOLDMAN and HENRY, JJ., concur.

Judgment unanimously reversed on the law and count one of the indictment dismissed. (Action No. 1.)

Judgments unanimously modified on the law to dismiss the first count of the indictments, and as modified affirmed. (Actions Nos. 2 and 3.)