■ In the Matter of RICHARD LEAP, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller, dated January 27, 1976, which denied petitioner's application for credit in the State Retirement System for educational leave. In 1954 petitioner requested a leave of absence from the Division of the State Police for the purpose of furthering his education. The application was approved by the Deputy Superintendent of State Police but not by the Comptroller.

Petitioner returned from leave on August 2, 1956. After application and hearing, the hearing officer found that petitioner had not received prior approval from the Comptroller for his educational leave of absence without pay and, accordingly, was precluded from receiving retirement credit for such leave. Section 41 (subd i, par 1, cl [b]) of the Retirement and Social Security Law provides: "Time during which a member is absent on leave without pay: * * * *May* be included in computing member service and final average salary *only if* the head of the department in which said member is employed *and the comptroller* allow such time for retirement purposes *at the time* such leave of absence is granted." (Emphasis supplied.) It is conceded that the Comptroller did not approve of petitioner's request for leave "at the time" such leave was approved by the Deputy Superintendent of State Police, or at any other time. Such approval is a statutory prerequisite to qualify educational leave for retirement credit and is not a mere formality that may be waived or excused. The Comptroller, charged with the responsibility of administering the retirement fund, must be apprised of the particulars supporting such applications in order that he might determine if the applicant intends to pursue a worthy educational goal and, therefore, as a State employee, has a legitimate claim, in terms of credit, on the finite resources of the retirement fund. If this were not the case, the Comptroller would be unable to insure the continuing financial strength and soundness of the fund. Petitioner's argument that since the Comptroller granted credit to another State employee under like circumstances he is estopped from granting the relief requested herein is without merit. An administrative body, like a court, may correct its erroneous interpretations of the law. Since there is substantial evidence in the record to support the Comptroller's interpretation of section 41 (subd i, par 1, cl [b]) of the Retirement and Social Security Law, his determination should be confirmed. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.