In the Matter of the Claim of WALTER THEURER, Respondent. TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant; PHILIP ROSS, as Industrial Commissioner; Respondent.

Third Department, October 27, 1977

*Debevoise, Plimpton, Lyons & Gates (John G. Koeltl* of counsel), for appellant.

*Nixon, Hargrave, Devans & Doyle (Eugene D. Ulterino* of counsel), for University of Rochester and others, *amici curiae.*

*David Frenkel* for Walter Theurer, respondent.

*Louis J. Lefkowitz, Attorney-General (Irving Jorrisch, Samuel A. Hirshowitz* and *Murray Sylvester* of counsel), for Industrial Commissioner, respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed November 22, 1976, which rescinded its decision of July 18, 1976 and sustained an initial determination of the Industrial Commissioner holding claimant eligible to receive benefits.

The facts are not in dispute. Claimant, during the period in question, was enrolled as a student in a doctoral program at Columbia University, the appellant. He was engaged in researching and writing his doctoral dissertation and did not regularly attend classes. He received financial assistance in the form of a job as a preceptor, a teaching position, which was limited to doctoral candidates and awarded annually as an honor to deserving students. The teaching was limited to two courses a term. When the preceptor position was not renewed, claimant made this claim for benefits. The board reversed its initial determination and allowed claimant benefits.

A resolution of this controversy requires an interpretation of subdivision 15 of section 511 of the Labor Law which excludes from benefits an individual who provides services for an educational institution where the individual "is enrolled and is in regular attendance as a student in such institution". The board, in granting benefits, determined that claimant did not come within the exclusion of the statute since he did not attend any classes at the university during his base period. The issue presented on this appeal involving interpretation of statutory language is a question of law more appropriate for judicial rather than administrative resolution *(Matter of Van*

*Teslaar [Levine]*, 35 NY2d 311). The board, in analyzing the problem, compared subdivision 15 of section 511 to a similar provision in the Federal Unemployment Tax Act (US Code, tit 26, § 3306, subd [c], par [10], cl [B]) which excepts a student who "is enrolled and is regularly attending classes". In its decision the board stated that "both the State and Federal statutes provide that it applies to one who is a student at an educational institution *and who is enrolled and is regularly attending classes* at such institution." (Emphasis added.) Based thereon the board concluded that subdivision 15 of section 511 required regular attendance at classes in order for the exclusion to be applicable. The board's reasoning is patently defective, premised, as it is, upon its erroneous paraphrasing of subdivision 15 of section 511. That statute requires "regular attendance as a student" and does not contain the words "regularly attending classes" as does the Federal statute.

Claimant was basically a student. His primary purpose at Columbia was to acquire a PhD degree. To assist him in achieving this goal Columbia provided him with financial aid in the form of a teaching position. Claimant's teaching activities were incidental and secondary to his main objective. We are here concerned with a course of study which must of necessity be more sophisticated and flexible than that required for a lesser academic degree. In pursuit thereof emphasis is placed on research and writing and not on class attendance. The candidate, however, continues to be primarily a student. A person can be in regular attendance as a student in an educational institution without necessarily attending classes regularly. Our duty is to ascertain from the language of the statute the legislative intent and apply it to the present factual situation in a manner consistent with that intent (*Rankin v Shanker*, 23 NY2d 111).

We may assume that the Legislature investigated the subject matter of the legislation (*Matter of Malpica-Orsini*, 36 NY2d 568) and knew how to draft a bill to effectuate their objectives (*People v Shafer*, 30 AD2d 213). Where existing statutes encompass the same subject matter, the Legislature is presumed to act with deliberation and with knowledge thereof (McKinney's Cons Laws of NY, Book 1, Statutes, § 222; *Davis v State of New York*, 54 AD2d 126). The Legislature could easily have used the words "regularly attending classes" if such was their intent, particularly in light of the existence of

the comparable Federal statute. The requirement of *class* attendance was not specifically included, however, and we should not read words into a statute to give it a meaning not otherwise found therein (McKinney's Cons Laws of NY, Book 1, Statutes, § 92; *Davis v State of New York, supra*). It is the opinion of this court that the Legislature did not intend that class attendance be required in order to come within the exception provided in subdivision 15 of section 511 and this conclusion is bolstered by an examination of the history of this provision.

When the Labor Law was amended in 1971, the prior student exception for anyone in "regular attendance as a student" was continued (L 1971, ch 1027) despite the retention in the Federal statute (US Code, tit 26, § 3306, subd [c], par [10], cl [B]) after amendment in 1970 of the prerequisite that the student be "regularly attending classes" in order for the exception to apply. This adherence by the New York Legislature to its previous language is a substantial indication to us that class attendance was intentionally omitted as a requirement. We are also of the view that the technique adopted by the board of appropriating the language of the Federal statute and substituting that language for the clearly variant language of subdivision 15 of section 511 is impermissible and improper *(Matter of Palmer v Spaulding,* 299 NY 368).

The decision should be reversed, with costs to appellant employer against the Industrial Commissioner, and the matter remitted for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., MACHONEY, LARKIN and MIKOLL, JJ., concur.

Decision reversed, with costs to appellant employer against the Industrial Commissioner, and matter remitted for further proceedings not inconsistent herewith.