■ In the Matter of RONALD KULIKOWSKY, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York and Administrative Head of the

New York State Policemen's and Firemen's Retirement System, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller denying petitioner's application for retirement service credit for a year spent on educational leave of absence. Petitioner, a captain in the Division of State Police, duly applied for educational leave in 1956 for one year, as authorized by section 246 of the Military Law. He received approval from the Superintendent of State Police, and was on leave without pay for the period October 15, 1956 to August 1, 1957. Thereafter, he was duly reinstated as a trooper, and took payroll deductions to "buy back" the year of absence for pension purposes. These deductions were approved and authorized by the administrative director of the system. In 1974, when petitioner informed the Retirement system that he was contemplating retirement, he was informed that if he did so on October 1, 1974, he would have 20 years of service including the period of his educational absence. Later that same year, he formally applied for retirement, but was informed, for the first time, that the Comptroller had not approved his leave in 1956. His retirement application was accordingly rejected on the basis that he did not have the requisite 20 years of service. The notice of rejection stated that he had "erroneously" been allowed to pay for the time spent in pursuit of his education. He ultimately retired on November 27, 1975 after completing 20 years of service excluding the time of absence. A hearing was conducted on June 21, 1976 at which petitioner sought to have the year in dispute credited for retirement purposes in order to increase his yearly pension. The hearing officer held that there was an absence of prior written approval from the Comptroller for service credit as required by section 341 of the Retirement and Social Security Law. It was further determined that estoppel could not be asserted against the administrative agency based on erroneous or mistaken information. Petitioner argues that the record contains substantial evidence that the Comptroller approved his educational leave at the time said leave was commenced. However, petitioner, himself, testified that he found no indication that the division had advised the Comptroller of his application for the leave of absence. Moreover, petitioner's attorney conceded at the hearing that written approval was not obtained at the time the leave was granted. The statutory prerequisite of prior approval by the Comptroller is not a mere formality that can be waived or excused (*Matter of Leap v Levitt,* 57 AD2d 1021, mot for lv to app den 42 NY2d 807). Therefore, petitioner neither requested nor obtained approval from the Comptroller for retirement credit prior to the educational leave. Subdivision b of section 411 of the Retirement and Social Security Law requires that the system correct any errors that would result in an employee receiving more than he would have been entitled to receive had the records been correct in the first instance (*Matter of Newcomb v New York State Teachers' Retirement System,* 43 AD2d 353, affd 36 NY2d 953). Since approval by the Comptroller is a statutory prerequisite to qualify educational leave for retirement credit, petitioner's claim could not be valid without the requisite approval. The record contains substantial evidence to support the determination of the Comptroller that petitioner was not entitled to retirement credit for the period of his educational leave of absence. Determination confirmed, without costs, and petition dismissed. Mahoney, P. J., Greenblott and Staley, Jr., JJ., concur.

Kane and Mikoll, JJ., dissent and vote to annul in the following memorandum by Kane, J. Kane, J. (dissenting). We respectfully dissent and would

annul the Comptroller's determination upon the ground that it is not supported by substantial evidence. Section 341 (subd i, par 1, cl [b]) of the Retirement and Social Security Law states that the time during which a member of the State Policemen's and Firemen's Retirement System is absent on leave without pay "May be included in computing member service and final average salary only if the head of the department in which such member is employed and the comptroller allow such time for retirement purposes at the time such leave of absence is granted." Since it is undisputed that no formal procedures existed for obtaining the Comptroller's approval, and since the statute does not require that his permission be secured in writing, the absence of written documentation would be significant only if it were established that requests for such approvals were routinely preserved in some fashion. The present record fails to contain any proof of that nature and the evidence viewed as a whole is entirely consistent with petitioner's assertion that the Comptroller was aware of his educational leave and approved it for retirement purposes. The exhibits introduced at the hearing did not indicate any *disapproval* by the Comptroller and the balance of the evidence was in the form of testimony by the petitioner and his troop commander during 1956. The troop commander related that applications for educational leave were forwarded to the Superintendent of the Division of State Police. If approved at that level, they would then be sent to the Comptroller for his action. Although the witness lacked specific knowledge of the Comptroller's decision on petitioner's application, he assumed that such approval had also been given since he had never heard of any situation in which it had been withheld. Moreover, as the majority notes, in 1958 a representative of the Comptroller computed and authorized the pay deductions necessary for petitioner to "buy back" retirement credit upon his return from the educational leave. Finally, when discussing his plans with another representative of the Comptroller in 1974, petitioner was told that he was "all clear" and was sent a letter reflecting credit of the educational leave for retirement purposes. No evidence, direct or circumstantial, was offered on behalf of the Comptroller to rebut the foregoing proof. Consequently, the ultimate finding that the Comptroller had never been notified of petitioner's application and, therefore, had never approved it, is founded solely on petitioner's inability to present direct evidence of such notice and approval. That single factor does not rise to the level needed to support an administrative determination, particularly in light of the affirmative proof that was elicited, because it is not " 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably' " *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 179, quoting from *Matter of Stork Rest. v Boland,* 282 NY 256, 273). Accordingly, the Comptroller's determination should be annulled.