■ In the Matter of Thomas A. Coughlin, III, Appellant, v Edward V. Regan, as Comptroller of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered January 27, 1981 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Comptroller of the State of New York denying petitioner's request for retirement service credit for leave taken for educational purposes. Petitioner alleges in his petition that he became a member of the New York State Police and a member of its retirement system in September, 1962; that some six years later, in July, 1968, he requested an educational leave of absence which was thereafter approved by the Director of Personnel of the State Police to commence September 8, 1968; that on November 26, 1968, the Comptroller, in a letter, stated that petitioner would be entitled to retirement credit for the time spent on his leave of absence; that on February 5, 1971, the New York State Retirement System changed its position and informed the State Police, who in turn notified petitioner, that people in petitioner's position were not entitled to retirement credit during their leaves of absence; and that subsequently, after a hearing, retirement credit was denied petitioner on the ground that the Comptroller's approval was untimely. The instant article 78 proceeding was commenced to review the Comptroller's determination. Respondents moved to dismiss the petition on objections in point of law and, therefore, the allegations in the petition are deemed to be true (*Matter of Mattioli v Casscles,* 50 AD2d 1013). Special Term dismissed the petition and this appeal ensued. It is the position of respondents that petitioner was required to receive the Comptroller's approval prior to the time his leave was taken. The controlling legislation is section 341 (subd i, par 1, cl [b]) of the Retirement and Social Security Law which provides, in pertinent part, as follows: "Time during which a member is absent on leave without pay * * * [m]ay be included in computing member service and final average salary only if the head of the department in which such member is employed and the comptroller allow such time for retirement purposes *at the time such leave of absence is granted*" (emphasis added). A resolution of the controversy narrows to an interpretation of the legislative meaning of the phrase "at the time such leave of absence is granted". The intent and purpose of this statute is to allow an employee retirement credit for the time spent furthering his education with the approval of his department head and the Comptroller. Obviously, this is a valuable benefit to an employee. The statute should, therefore, be interpreted liberally in favor of the employee to carry out this objective. If there is any ambiguity, it should be resolved in favor of the employee. We may assume that the Legislature knew how to draft a bill to effectuate their objectives (*People v Shafer,* 30 AD2d 213). In light of these principles, we are of the opinion that the petition should not have been dismissed. The words "at the time" as used in the statute are, in our view,

ambiguous. There is no specific reference to the date leave commences nor is there any qualifying language such as "prior" or "before" to support respondents' interpretation. If the Legislature intended prior approval it could easily have used the appropriate word if such was its intent (see *Matter of Theurer* [*Trustees of Columbia Univ. in City of N. Y. — Ross*], 59 AD2d 196, 198). "At the time" can just as readily be interpreted to mean contemporaneously or within a reasonable time after the application for leave is made (cf. *Hunter v Wetsell,* 84 NY 549). Furthermore, the purpose of requiring the Comptroller's approval is so that a determination may be made concerning the legitimacy of the educational goal pursued. Such purpose is not thwarted if approval is obtained after the leave commences. We also note that the two cases relied upon by respondents for affirmance are readily distinguishable. In both *Matter of Kulikowsky v Levitt* (70 AD2d 735, affd 50 NY2d 976) and *Matter of Leap v Levitt* (57 AD2d 1021), the Comptroller's approval was never established and this court was not concerned with when the approval was required. Here it is alleged that approval was obtained and we are concerned only with the timeliness of the approval. Consequently, we are of the view that there must be a reversal and respondents afforded an opportunity to interpose an answer. Judgment reversed, on the law, without costs, and motion denied with leave to respondents to answer the petition within 20 days after service of a copy of the order to be entered hereon with notice of entry. Sweeney, J. P., Main, Casey and Mikoll, JJ., concur.

Herlihy, J., dissents and votes to affirm in the following memorandum. Herlihy, J. (dissenting). The statute is not ambiguous as found by the majority and the decisions in *Matter of Kulikowsky v Levitt* (70 AD2d 735, affd 50 NY2d 976) and *Matter of Leap v Levitt* (57 AD2d 1021) are controlling. The judgment should be affirmed.