■ In the Matter of the Claim of ELAINE D. JOHNSON, Respondent. LILLIAN ROBERTS, as Commissioner of Labor, Appellant. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 1, 1983, which

ruled that claimant was entitled to receive benefits. ¶ Claimant was employed as a Spanish teacher by the State University of New York at Oswego from August, 1976 to June 30, 1982. She was discharged as a cost-saving measure. In an effort to increase her opportunities for other teaching positions, claimant enrolled in a graduate degree program at the Southern Illinois University at Carbondale (SIU). Beginning August 21, 1982, she was to begin working towards her master's degree in teaching English as a second language. Pursuant to an agreement with the university, she was to teach this subject for 20 hours per week for the university in exchange for which she would receive free tuition and the sum of $502 per month. ¶ Claimant applied for unemployment benefits for the period from July 1 to August 21, 1982. The Board affirmed the decision of the administrative law judge granting her benefits. The Commissioner appeals from this decision, arguing that benefits should have been disallowed on the basis of subdivision 10 of section 590 of the Labor Law, which provides that a teacher may not receive benefits for the period between two academic years or terms if she "has a contract to perform, or there is reasonable assurance that the claimant will perform services in such capacity for any such institution or institutions for both of such academic years or such terms". ¶ This section, while routinely used to deny benefits to teachers during their summer vacations (see, e.g., *Matter of Silverman [Ross]*, 82 AD2d 955), is inapplicable to claimant here. She did not have a contract "to perform services *in such capacity*" (emphasis added) when she began teaching in the fall at her new school. While claimant was employed as a full-time Spanish teacher by SUNY, her position at SIU was that of a graduate student, receiving a scholarship and financial aid in the form of a teaching assistantship (see *Matter of Theurer [Trustees of Columbia Univ. — Ross]*, 59 AD2d 196, 198). Indeed, teaching was a required part of claimant's curriculum. She testified that a certain number of hours of practice teaching were required of all students working towards a master's degree in her department at SIU. She had been fortunate in being accepted in a program where she received a stipend and free tuition in exchange for what, in effect, amounted to her practice teaching. ¶ Subdivision 15 of section 511 of the Labor Law speaks to this situation. It states that "[t]he term 'employment' does not include services rendered for an educational institution by a person who is enrolled and is in regular attendance as a student in such an institution". Since claimant was enrolled as a student in regular attendance at SIU starting in August, 1982 when her teaching assistantship began, her teaching activities there do not constitute "employment". She was, therefore, properly awarded benefits for the period of unemployment which preceded it. ¶ Decision affirmed, without costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.