◼ In the Matter of SHARON BORK, as President of County Employees Unit, Local 819, Civil Service Employees Association, Inc., Petitioner, v HAROLD R. NEWMAN et al., Constituting the Public Employment Relations Board of the State of New York, Respondents, and COUNTY OF GENESEE, Intervenor-Respondent.—Main, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Public Employment Relations Board which dismissed petitioner's improper practice charge.

For a time prior to 1981, intervenor County of Genesee (County) made available to some of the employees in its Health Department several motor vehicles owned by the County. Such vehicles were used by the employees not only for business use during the workday, but also for their travel to and from work each day. In September 1981, the County made a demand on the Civil Service Employees Association (CSEA), the union representing the employees who were then using the County-owned cars, to negotiate the issue of restricting use of such vehicles to business use during the workday. When the County and CSEA failed to reach an agreement on the matter, they declared an impasse in the negotiations and requested that the Public Employment Relations Board (PERB) appoint a mediator to help resolve the issue. After unsuccessful mediation efforts were carried out, a fact-finding session was conducted and the fact finder issued his report and recommendations. The report and recommendations were however, rejected by CSEA. Thereafter, the County conducted legislative hearings on the matter (see, Civil Service Law § 209 [3] [e]) and, in August 1982, the County Legislature passed a resolution, effective January 1, 1983, prohibiting the use of County-owned vehicles by Health Department employees to drive to and from their homes.

As a result of the foregoing, CSEA filed an improper practice charge with PERB. The gravamen of such charge was that the County had unilaterally discontinued the practice of providing certain Health Department employees with vehicles for transportation to and from work. The charge was dismissed by an Administrative Law Judge (ALJ) and CSEA filed exceptions to his decision with PERB, which affirmed the decision. Petitioner, president of County Employees Unit, Local 819 of CSEA, then commenced this proceeding.

By way of background, it must be noted at the outset that the Health Department employees in question, represented by CSEA, had been in the process of negotiating a new collective bargaining agreement with the County during late 1980 and early 1981. Such agreement, the effective date of which was January 1, 1981, was not executed until September 1981, the very month in which the County made its demand to negotiate the issue of the use of County-owned cars. This issue had not been raised during the negotiations over the new collective bargaining agreement and the agreement ultimately executed was silent on the subject.

It is petitioner's sole contention before this court that the County failed to negotiate with CSEA in good faith (see, Civil Service Law § 209-a [1] [d]) by withholding from the bargaining table during the 1980-1981 negotiations for the new collective bargaining agreement the issue of restricting the use of County-owned cars. We must agree with PERB that this issue is not properly before this court, since it was not raised before PERB. A fair reading of the record indicates that, before both the ALJ and PERB, the improper practice alleged by CSEA was the unilateral restriction of use of vehicles by the County and not the withholding of an issue from negotiations. Indeed, the petition commencing this proceeding states that the improper practice alleged by CSEA was that the County had violated Civil Service Law § 209-a [1] [d] "by unilaterally discontinuing the practice of providing [certain Health Department employees] with vehicles for transportation between home and work". The fact that the County may have been contemplating the restriction on vehicle use during the time that negotiations for the new collective bargaining agreement were ongoing was suggested during the hearing before PERB. Such casual mention was not, however, sufficient to place before PERB the issue now argued before this court. This is made clear by the fact that the decisions of both the ALJ and PERB explicitly frame the issues under consideration, yet neither decision includes as a topic under consideration the alleged withholding of an issue from collective negotiations. Because the issue was never raised or considered below, we shall not consider it now in the context of this proceeding (see, Young Men's Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371, 375-376; Aldrich v Pattison, 107 AD2d 258, 267-269; Matter of Celestial Food Corp. v New York State Liq. Auth., 99 AD2d 25, 27, n; Matter of Town of Candor v Flacke, 82 AD2d 951, 952).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.