■ In the Matter of the Claim of ANTOUN MITROMARAS, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemploy-

ment Insurance Appeal Board, filed July 3, 1985, which ruled that claimant was ineligible to receive benefits because he lacked sufficient covered employment during his base period.

The facts are essentially undisputed. During the relevant base period, claimant was employed by the Beth Israel Medical Center as a physician. As a graduate of a foreign medical school, claimant worked pursuant to a limited permit issued by the Department of Education, which authorized him to practice medicine solely at the hospital under the supervision of a licensed physician (see, Education Law § 6525). Claimant was employed for a two-year period, assuming a position at a second year postgraduate level in the department of surgery with an annual stipend of $26,298. Claimant's basic duties included the making of rounds, patient diagnosis and treatment, and emergency room work, all under a licensed physician's supervision. The hospital, in addition to salary, agreed to provide "a suitable environment for the medical educational experience" and a specific curriculum designed to satisfy an approved internship/residency program of the American Medical Association. Upon termination of his contract, claimant filed the instant claim for benefits which the Unemployment Insurance Appeal Board ultimately disallowed for lack of sufficient covered employment during the base period.

The issue presented on this appeal is whether the services claimant performed for the hospital fall within the employment exclusion set forth in Labor Law § 511 (15). That provision excludes an individual from receiving benefits who provides services for an educational institution and "who is enrolled and is in regular attendance as a student in such an institution". Whether the student employment exclusion applies necessitates an inquiry into the nature of the employment relationship to discern whether claimant's main objective was to earn a livelihood or further his education (Matter of Theurer [Trustees of Columbia Univ.—Ross], 59 AD2d 196, 198; see, Matter of Renee [Corsi], 293 NY 501, 504).

There is little dispute that the hospital is recognized as a "teaching hospital" by the State of New York, the American Medical Association and the American Board of Surgeons. Examination of the record also shows that claimant attended teaching rounds, clinical-surgical conferences and other specific classes; received operating room training; and was required to take periodic written and oral examinations. Claimant further acknowledged that completion of the residency program was a prerequisite to full licensure as a physician. On the basis of the foregoing, the Board had ample basis to

conclude that claimant's primary intent was to complete the residency program necessary to obtain a physician's license in New York and that the services performed on behalf of the hospital were secondary in nature *(see, Matter of Theurer [Trustees of Columbia Univ.—Ross], supra,* p 198; *cf. Matter of Johnson [Roberts],* 101 AD2d 622, 623). Under these circumstances, the employment exclusion set forth in Labor Law § 511 (15) applies, leaving claimant without a sufficient period of covered employment required for a valid original claim. The Board's decision is supported by substantial evidence and we, accordingly, affirm.

Decision affirmed, without costs. Kane, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.