■ In the Matter of the Claim of CHARLES CURTO, Respondent. SIENA COLLEGE, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 1986, which ruled that claimant was entitled to receive benefits.

The facts are undisputed. Claimant, a part-time soccer coach employed by Siena College (hereinafter the employer), has for the last several seasons coached the male soccer team. The season, approximately eight weeks long, commences in late August or early September of each year. For his services, claimant received a lump-sum payment of $1,700. The 1985 soccer season apparently ended November 3, 1985. By letter dated November 12, 1985, the employer wrote claimant expressing a desire to retain claimant's services for the 1986 season and he accepted. Some two weeks later, claimant filed for unemployment insurance benefits. In 1985, as in past years, the bulk of claimant's earnings were earned between May and September, while employed for approximately 15 or 16 weeks in a managerial capacity by a family-operated restaurant located in the Lake George area.

The Unemployment Insurance Appeal Board's affirmance of an Administrative Law Judge's decision sustaining the local

office's determination that claimant was entitled to receive benefits effective November 18, 1985, without disqualifying conditions, prompted the employer, who is self-insured with respect to unemployment insurance benefits, to appeal. The employer maintains that claimant was not eligible for benefits because he was a professional athlete (Labor Law § 590 [8]); that as a coach, his position is analogous to that of a teacher applying for benefits during summer vacation (Labor Law § 590 [10]); and further, that he did not serve in an instructional capacity (Labor Law § 590 [11]).

We affirm. Since the record discloses that claimant was not a professional athlete, never having signed to play soccer professionally, Labor Law § 590 (8), which applies only to "[b]enefit payments to professional athletes", is clearly inapplicable. Nor does Labor Law § 590 (11) render claimant ineligible, for it is directed at those employed "in other than an instructional * * * capacity"; coaching by definition involves teaching and instructing others.

Furthermore, Labor Law § 590 (10) is not an impediment to claimant's eligibility. To the extent pertinent, it provides that a claimant employed by an educational institution in an instructional capacity may not receive benefits for the period between two academic years or terms if the claimant has a contract to perform services in that capacity for both of such academic years or terms. Although "[t]his section [is] routinely used to deny benefits to teachers during their summer vacations" *(Matter of Johnson [Roberts],* 101 AD2d 622, 623), that is not the case here. The period for which claimant seeks benefits commenced in November 1985 and is simply not a period between "academic years or terms" (Labor Law § 590 [10]), but occurs within an academic year. As the Commissioner of Labor notes in her brief on this appeal, had the Legislature intended this section to be applied to periods *within* an academic year, as well as to periods *in between* academic years. It would have undoubtedly done so.

Decision affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.