*1072 OPINION OF THE COURT
Joseph Harris, J.
Petitioner, by this special proceeding, seeks judgment granting the following relief:
An adjudication that respondent committed violations of Real Property Law § 233 and imposing civil penalties, allowances and restitution therefor; a permanent injunction enjoining and restraining respondent from continued violations of Real Property Law § 233; and a preliminary injunction enjoining and staying respondent from taking any action to evict Joyce and Michael Piros, tenants in respondent’s alleged mobile home park (hereinafter Joyce and Michael Piros shall be referred to as the tenants). Respondent, Joy Bradley, is the owner of certain real property located in Broome County, New York, upon which three mobile home units are located, one of which is occupied by the respondent. Joyce and Michael Piros became tenants on respondent’s property in May of 1988. Neither at the time Mr. and Mrs. Piros became tenants on the subject property nor at any time thereafter were they offered a written one-year lease by the respondent.
From the summer of 1988 up to and including the present time, the tenants have encountered severe problems with respect to the sewage and drainage system for their mobile home. This situation became critical between March 25 and March 27, 1989 when the tenants’ sink and toilet backed up flooding their home with raw sewage. In addition to this problem, the tenants were also faced with an open sewage ditch which ran across their lot, immediately outside their trailer. Aside from the sewage and drainage problem, there also existed an unburied live electrical wire running on the ground immediately adjacent to the tenants’ trailer. Despite repeated complaints to respondent, regarding these problems, the situation remained unabated.
Finally, in March 1989, the tenants filed a complaint with the Broome County Board of Health with respect to these problems. Shortly thereafter, on March 29, 1989, respondent notified the tenants that they were being evicted. On March 31, 1989 respondent notified the tenants, in writing, that their rent was being increased from $140 to $160 per month effective May 1,1989.
On April 30, 1989, the tenants were served eviction papers, which proceeding was dismissed as defected on June 20, 1989.
In further efforts to resolve this problem, the tenants con *1073 tacted petitioner, the New York State Division of Housing and Community Renewal, on May 24, 1989. Thereafter, petitioner arranged for a mediator to attempt resolution of the situation. Petitioner’s attempt to resolve this problem through mediation was unsuccessful in that respondent failed to participate.
On or about June 12, 1989, respondent served the tenants with an eviction petition returnable June 20, 1989 in the Town of Barker Justice Court, County of Broome. This eviction matter is currently pending.
Petitioner contends that respondent is an owner and operator of a "mobile home park” within the meaning of section 233 of the Real Property Law and is in violation of said statute in the following respects:
That respondent has failed to file a registration statement with the Commissioner as required by Real Property Law § 233 (v); that the respondent failed to offer the tenants a one-year written lease as required by Real Property Law § 233 (e); that respondent increased the tenants’ rent on less than 90 days’ written notice in violation of Real Property Law § 233 (g); and that respondent’s failure to alleviate the sewage, drainage and electrical wire problems constitutes a breach of the warranty of habitability in violation of Real Property Law § 233 (m).
In opposition, respondent contends that she does not operate a "mobile home park” within the meaning of section 233 of the Real Property Law and consequently, respondent is not subject to the provisions of said statute. In this regard, respondent contends that section 233 of the Real Property Law is limited to situations where the land is used for accommodation of three or more mobile homes occupied by tenants and does not include a situation where 1 of the 3 mobile homes is occupied by the owner of the land.
Contrary to respondent’s contention, Real Property Law § 233 does not distinguish, in its definition of "mobile home park[s]” which are subject to the provisions of the statute, on the basis of the status of the person or persons occupying a mobile home unit on the subject property. In this regard, section 233 of the Real Property Law provides in part that: "The term 'mobile home park’ means a contiguous parcel of privately owned land which is used for the accommodation of three or more mobile homes occupied for year-round living.” (Real Property Law § 233 [a] [3].)
Contrary to respondent’s contention, Real Property Law *1074 §233 does not exempt respondent’s mobile home operation from its definition of "mobile home park” merely because respondent owns and occupies 1 of the 3 mobile homes on the subject property. In this regard it can be assumed that the Legislature was knowledgeable as to the subject matter of the instant legislation and knew how to draft a bill to effectuate their legislative objective. (Matter of Theurer v Trustees of Columbia Univ., 59 AD2d 196.) Moreover, had the Legislature intended to exclude owner-occupied mobile homes from the definition of "mobile home park”, contained within the statute, they could easily have done so. (Matter of Coughlin v Regan, 85 AD2d 762.) Having failed to exempt owner-occupied units from the definition of "mobile home park”, this court can do no more and no less than apply the statutory language as written. (Zaldin v Concord Hotel, 48 NY2d 107.) Consequently, the court finds that the respondent owns and operates a "mobile home park” as that term is defined by Real Property Law § 233 and is subject to the provisions thereof. Having determined section 233 of the Real Property Law applicable to respondent’s mobile home park, and there being no disputed issues of fact, the court finds that respondent has violated said statute as follows:
(1) The respondent has failed to file a registration statement with the petitioner in violation of Real Property Law § 233 (v);
(2) The respondent is in violation of Real Property Law § 233 (e) in that respondent failed to offer the instant tenants a one-year written lease prior to their occupancy of the premises;
(3) The respondent is in violation of Real Property Law § 233 (g) (3) in that respondent has raised the tenants’ rent without affording them 90 days’ written notice of the rental increase; and
(4) The respondent has failed to afford the tenants a premises fit for human habitation in violation of Real Property Law § 233 (m).
Accordingly, the court awards petitioner an allowance of $1,000 as against the respondent for the costs of prosecuting this action; assesses a civil penalty as against the respondent in the amount of $500 for the aforesaid violations of Real Property Law § 233; awards restitution to the tenants, Joyce and Michael Piros, for damages caused by the respondent’s violations of section 233 of the Real Property Law, in an amount to be determined by the court upon a hearing of proof *1075 thereof; grants petitioner a permanent injunction enjoining and restraining respondent from a continuance of the violations of Real Property Law § 233; and grants petitioner a preliminary injunction as against respondent enjoining the respondent or her agents from taking any action leading to or resulting in, or intending to lead to or result in the eviction of the tenants, Joyce and Michael Piros, from premises known as 736 C, Hyde Road, Whitney Point, New York, and staying the eviction proceeding currently pending in the Town of Barker Justice Court, County of Broome, New York, pending the determination of the instant petition and the award of monetary restitution to said tenants.