In the Matter of STATE OF NEW YORK (STATE UNIVERSITY OF NEW YORK), Petitioner, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents.

Third Department, July 23, 1992

## APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for petitioner.

*Ernest F. Hart (Sandra M. Nathan* of counsel), for New York State Public Employment Relations Board, respondent.

*David A. Mintz* for Communications Workers of America, District One, respondent.

*Bernard F. Ashe (Ivor R. Moskowitz* of counsel), for United University Professions, respondent.

**OPINION OF THE COURT**

YESAWICH JR., J.

In December 1984 respondent Communications Workers of America/Graduate Employees Union, AFL-CIO (hereinafter CWA) petitioned respondent Public Employment Relations Board (hereinafter PERB) to certify it as the bargaining representative of all graduate and teaching assistants employed by petitioner at various State University of New York campuses. In January 1985 PERB's Director of Public Employment Practices and Representation (hereinafter the Director) served a notice of petition and a hearing upon petitioner regarding CWA's certification petition. An Administrative Law Judge subsequently granted a motion by respondent United University Professions (hereinafter UUP), an organization representing faculty and other professionals employed by petitioner, to intervene; UUP contended that it, rather than CWA, should represent the graduate and teaching assistants.

Upon completion of 11 days of hearings, the Director issued a decision dismissing CWA's petition on the ground that graduate and teaching assistants are not "public employees" (Civil Service Law § 201 [7] [a]) and, therefore, are not entitled to the rights of organization, representation and collective negotiation provided by the Public Employees' Fair Employment Act (hereinafter the Taylor Law) (Civil Service Law art 14; *see,* 4 NYCRR 202.8). In reaching this conclusion, the Director resorted to a balancing test which he derived from *Matter of State of New York (Department of Correctional Servs.)* (6 PERB ¶ 3033, *confirmed sub nom. Matter of Prisoners' Labor Union [Women's Div.] v Helsby,* 44 AD2d 707, *lv denied* 35 NY2d 641). The Director found that the graduate and teaching assistants are dual status personnel for they are simultaneously students at the institutions which employ

them and that whether the Taylor Law is applicable to them turns on "whether the employment relationship, which is covered, is subordinate to the relationship which the [Taylor Law] does not cover". Although it adopted the Director's findings of fact, PERB rejected his balancing test in favor of a standard which requires a determination to be made respecting "whether an employment relationship [with petitioner] exists and, if so, whether it is regular and substantial" and, beyond that, whether the Legislature "intended to exclude that employment relationship from coverage". Invoking this standard, PERB found that graduate and teaching assistants are covered employees, reversed the Director's decision, and determined that a separate bargaining unit consisting of only graduate and teaching assistants is appropriate.

Petitioner commenced the instant CPLR article 78 proceeding to annul PERB's determination claiming, *inter alia,* that it is arbitrary and capricious, unreasonable, an abuse of discretion and not supported by substantial evidence. Upon the parties' consent, Supreme Court transferred the proceeding to this court.

The two arguments advanced by petitioner on appeal are (1) that PERB erred as a matter of law in failing to apply the balancing test used by the Director to conclude that the assistants are primarily students and hence not "public employees", and (2) that PERB's petition should have been dismissed because it is against public policy, as now will be the case, to subject fundamentally academic issues to the collective bargaining process.

■ Petitioner does not dispute that there is substantial evidence to support the Director's finding of fact, accepted by PERB, that the assistants "are employed in [the] sense [that they] are paid for services rendered under the direction of the University", but contends that substantial evidence is lacking to justify finding such employment covered under the balancing test that PERB should have applied. The issue raised being not one of substantial evidence, but rather a challenge to the legality of the test employed, this matter should have been disposed of by Supreme Court (CPLR 7804 [g]; *see, Matter of Margolin v Newman,* 130 AD2d 312, 315, *appeal dismissed* 71 NY2d 844); nevertheless, in the interest of judicial economy, we will retain jurisdiction and address it *(see, Matter of Dixon v Coughlin,* 178 AD2d 984).

■ The contention that PERB erred because it did not use

the balancing test adopted by the Director is to no avail. Given PERB's expertise with respect to the fundamental policies underlying the Taylor Law, the scope of our review of its determination is narrow *(see,* Civil Service Law § 205 [5]); essentially, as long as PERB's interpretation is reasonable and legally permissible—and we are satisfied that it is—it must be upheld *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd.,* 48 NY2d 398, 404).

Petitioner's contrary view notwithstanding, nothing in the language of *Matter of State of New York (Department of Correctional Servs.)* (6 PERB ¶ 3033, *supra)* obliges PERB to use the balancing test. Indeed, in that case involving inmates employed in a prison, PERB's decision focused not on a balancing test, but on the fact that the Legislature did not intend to extend the benefits of the Taylor Law to inmate labor *(see, supra,* at 3068). The standard employed by PERB, that of requiring that an employment relationship exists, that it be regular and substantial in nature, and that there be no evidentiary showing that the Legislature intended to exclude that employment relationship from Taylor Law coverage, is consistent with this and other prior PERB determinations *(see, Matter of Great Neck Bd. of Educ.,* 5 PERB ¶ 4028, at 4052; *Matter of Pearl Riv. Pub. Lib.,* 7 PERB ¶ 4034, at 4051; *Matter of King,* 6 PERB ¶ 3083, at 3135). Given that PERB's interpretation is rational, we may not substitute a different one, and hence the decisions of other jurisdictions and the National Labor Relations Board, pressed upon us by petitioner, have no force here *(see, Matter of Incorporated Vil. of Lynbrook v New York State Pub. Empl. Relations Bd., supra,* at 404; *Matter of West Irondequoit Teachers Assn. v Helsby,* 35 NY2d 46, 50).

■ Nor are we persuaded by petitioner's claim that the Taylor Law is in pari materia with Labor Law § 511 (15). Unlike the Taylor Law, Labor Law § 511 (15) specifically excludes from "employment" for the purpose of determining unemployment compensation eligibility "services rendered for an educational institution by a person who is enrolled and is in regular attendance as a student in such an institution" *(see, e.g., Matter of Mitromaras [Roberts],* 122 AD2d 368, 369-370; *Matter of Johnson [Roberts],* 101 AD2d 622, 623). It is true that both statutes concern employment; however, they plainly serve different public policy objectives *(compare,* Civil Service Law § 200, *with* Labor Law § 501) and have different administrative mechanisms for interpretation and enforcement *(com-*

*pare,* Civil Service Law § 205, *with* Labor Law §§ 530-535). Because both statutes are complete unto themselves, they need not be construed in connection with one another *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 221).

■ Regarding petitioner's public policy argument, that the "collective bargaining process that will be the result of [PERB's] decision * * * is so antithetical to academic affairs and concerns that it is against public policy to permit graduate students to engage in it", we note first that this contention was not urged upon PERB and for that reason alone need not be considered *(see, Matter of Bork v Newman,* 122 AD2d 329, 330). Apart from that, PERB has proffered a number of persuasive reasons why this argument lacks merit, not the least of which is that petitioner points to no " 'important constitutional or statutory duty or responsibility' " justifying it *(see, Matter of Board of Educ. v New York State Pub. Empl. Relations Bd.,* 75 NY2d 660, 668, quoting *Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899).

MIKOLL, J. P., MERCURE, CREW III and CASEY, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.