■ In the Matter of the Claim of WILLIAM M. DRUC, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [613 NYS2d 782] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 1993, which ruled that claimant was ineligible to receive unemployment insurance benefits because he did not have sufficient weeks of covered employment to file a valid original claim.

Claimant was employed as a laboratory assistant at Cornell University from July 1, 1991 through August 21, 1991 and as an adjunct instructor at a local community college from August 22, 1991 to December 20, 1991. Thereafter, on December 23, 1991, claimant applied for unemployment insurance benefits, establishing a base period from December 23, 1990 through December 22, 1991. Ultimately, the Unemployment Insurance Appeal Board ruled that claimant was ineligible to receive benefits due to an insufficient number of weeks of covered employment. In so doing, the Board found that the seven weeks claimant was employed at the University were excluded from covered employment in accordance with Labor Law § 511 (15). This appeal by claimant followed.

Labor Law § 511 (15) provides, in relevant part, that "[t]he term 'employment' does not include services rendered for an educational institution by a person who is enrolled and is in regular attendance as a student in such an institution". Although the professor for whom claimant worked apparently was under contract with a private entity to perform certain testing services, the record indicates that claimant applied for the position through the University's student employment office, the University was listed as claimant's employer on his W-2 form and claimant was paid with a check issued by the University. We therefore conclude that there is substantial evidence to support the Board's finding that claimant rendered services for an educational institution.

Our inquiry does not end here, however. For claimant's employment to be excluded under Labor Law § 511 (15), the record evidence also must establish that claimant was enrolled *and* was in regular attendance at the University during the relevant time period. Even accepting that claimant's

retroactive registration in the University's summer session[1] provides sufficient support for the Board's finding that claimant was "enrolled" during the period in question, we are of the view that the Board's finding that claimant was "in regular attendance" at the University during the summer of 1991 is not supported by the record. It is uncontroverted that as of the time claimant began his employment at the University, he had completed all of the course requirements for his degree[2] and, further, that his work as a laboratory assistant was neither related nor a prerequisite to him obtaining his Master's degree. Additionally, the record indicates that claimant did not occupy a work-study position, nor was his employment as a laboratory assistant part of any financial aid package, and claimant testified that he elected to work in the laboratory for financial reasons *(see generally, Matter of Mitromaras [Roberts],* 122 AD2d 368, 369 ["(w)hether the student employment exclusion applies necessitates an inquiry into the nature of the employment relationship to discern whether claimant's main objective was to earn a livelihood or further his education"]). Although it is true that "[a] person can be in regular attendance as a student in an educational institution without necessarily attending classes regularly" *(Matter of Theurer [Trustees of Columbia Univ.—Ross],* 59 AD2d 196, 198), the record before us simply does not contain sufficient evidence to support the Board's finding that claimant was "in regular attendance" at the University during the relevant period. Accordingly, the Board's decision should be reversed.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

---

1. Claimant testified that although he was not registered as a student during the summer of 1991, he registered for the summer session retroactively in December 1991 in order to defer his student loans.

2. Claimant testified that before he was able to obtain his degree from the University's Masters of Engineering program, he was required to take a proficiency examination. Claimant further testified that this requirement stemmed from the fact that his undergraduate degree was not in the field of engineering and that he elected to take the examination in August 1991.