■ In the Matter of the Claim of KENT A. GREENE, Respondent. NEW YORK CITY DEPARTMENT OF PERSONNEL, Appellant;

JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [633 NYS2d 670] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 13, 1994, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was employed by the New York City Department of Health (hereinafter the City) as a community associate at the same time he worked as a teaching assistant at the College of Staten Island (hereinafter the College). Claimant was enrolled as a graduate student at the College and received compensation for his teaching work. In May 1991, claimant resigned from his position with the City to pursue his studies and, in August 1991, his teaching assignment ended. In determining that claimant was eligible to receive unemployment insurance benefits, the Board found that claimant's "last" employment was his teaching job at the College which, although not "covered" employment for purposes of determining claimant's benefit rate or the experience rate to be charged employers, was sufficient to qualify him for benefits because it ended under nondisqualifying conditions. Accordingly, the Board overruled the City's objection to claimant's receipt of benefits. The City appeals contending that claimant should be declared ineligible to receive benefits because he voluntarily left his employment with the City to pursue his education.

We disagree. Although claimant's employment with the College was not "covered" employment (see, Matter of Mitromaras [Roberts], 122 AD2d 368), it was nevertheless sufficient to break claimant's prior disqualification which resulted when he left his job with the City (cf., Matter of Flynn [Hudacs], 209 AD2d 811, lv denied 85 NY2d 806). Significantly, Labor Law § 593 (1) (a) does not specify that a claimant's "last" employment must be "covered" employment for purposes of disqualification. Consequently, since claimant left his employment with the College under nondisqualifying conditions, we find that substantial evidence supports the Board's decision that claimant was not disqualified from receiving benefits. Therefore, the Board's decision must be affirmed.

Cardona, P. J., Mercure, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.