■ In the Matter of the Claim of MARVIN C. WEISS, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 93] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 1995, which, *inter alia,* ruled that claimant was ineligible to receive unemployment insurance benefits because he did not have sufficient weeks of covered employment to file a valid original claim.

Claimant was employed as a teacher at a community college affiliated with The City University of New York (hereinafter the University) while he was enrolled as a graduate student at the University. After losing his position, the Board, *inter alia,* excluded claimant's teaching employment from his base period pursuant to Labor Law § 511 (15), rendering claimant ineligible to receive unemployment insurance benefits. Claimant argues that because his teaching position was not related to his enrollment in the graduate program, the Board's application of Labor Law § 511 (15) to exclude claimant's teaching

employment from his base period is not supported by substantial evidence. We find this argument unpersuasive.

It is undisputed that claimant was enrolled as a graduate student working toward a Ph.D. in history at the same time that he taught at the community college. Although claimant did not take the teaching position as a form of financial aid or for credit toward his graduate courses, claimant's main objective was to obtain his Ph.D. This is evidenced by the fact that claimant left his high school teaching position to pursue his Ph.D. and was enrolled in this program prior to taking the teaching position at the community college. Under these circumstances, we find that substantial evidence supports the Board's conclusion that claimant was "in regular attendance" at an educational institution such as to render the exclusionary provisions of Labor Law § 511 (15) applicable (*see, Matter of Mitromaras [Roberts]*, 122 AD2d 368; *cf., Matter of Druc [Hudacs]*, 205 AD2d 1004). Accordingly, we find no reason to disturb the Board's decision.

Mercure, J. P., Crew III, White, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.