■ In the Matter of the Claim of MICHAEL J. SUKHOV, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [663 NYS2d 699] —Yesawich Jr., J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 14, 1996, which, *inter alia*, ruled that claimant's unemployment insurance benefit rate should be reduced.

Claimant was employed as an adjunct lecturer teaching undergraduate courses in sociology at various colleges associated with the City University of New York (hereinafter CUNY) while he was enrolled as a graduate student at CUNY. Thereafter, claimant applied for unemployment insurance benefits. Ultimately, the Unemployment Insurance Appeal Board reduced claimant's unemployment insurance benefit rate upon finding that claimant's positions as an adjunct lecturer did not constitute covered employment pursuant to Labor Law § 511 (15). Claimant contends that the Board's application of Labor Law § 511 (15) is not supported by substantial evidence inasmuch as his employment was not related to his doctoral studies. We find his contention unpersuasive.

Labor Law § 511 (15), in pertinent part, excludes from employment "services rendered for an educational institution by a person who is enrolled and is in regular attendance as a student in such an institution". The determination of whether an individual is "in regular attendance", within the meaning of the statute, "necessitates an inquiry into the nature of the employment relationship to discern whether [the] claimant's main objective was to earn a livelihood or further his [or her] education" (*Matter of Mitromaras [Roberts]*, 122 AD2d 368, 369; *cf., Matter of Renee [Corsi]*, 293 NY 501, 504).

There is no dispute that claimant was enrolled as a graduate student at CUNY, pursuing a Ph.D. degree in sociology, during the time period in question. Although he had completed the coursework necessary to obtain his degree, he was working on his dissertation, and therefore "in attendance" for the purposes of Labor Law § 511 (15) (*see, Matter of Theurer [Trustees of Columbia Univ.—Ross]*, 59 AD2d 196, 198; *compare, Matter of Druc [Hudacs]*, 205 AD2d 1004). That the teaching positions were not related to claimant's doctoral studies, and did not constitute a type of financial aid or work study, is not dispositive (*see, Matter of Weiss [Sweeney]*, 227 AD2d 708, *lv denied* 88 NY2d 812). Significantly, claimant testified that he sought

the adjunct lecturing positions for financial reasons, in order to support himself while he pursued his studies. As a whole, the record provided ample support for the Board's decision that claimant's teaching positions were incidental, in that they provided the financial means for his main objective of acquiring a Ph.D. degree (*see generally*, *Matter of Theurer [Trustees of Columbia Univ.—Ross]*, *supra*, at 198).

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.