■ BARBARA SPENCER, Respondent, v RICHARD L. SPENCER, Appellant. —In a support proceeding, the appeal is from an order of the Family Court, Orange County, dated January 8, 1976, which, *inter alia,* found appellant to be in willful contempt because of his failure to comply with a prior support order, as amended, and sentenced him to a six-month jail term. Order reversed, without costs or disbursements, and proceeding remitted to the Family Court for a new hearing and determination, in accordance with the views set forth herein. Appellant was concededly in arrears and in violation of a prior support order, as amended. The record on this appeal reveals that he had been unemployed and that his sole source of income was the unemployment insurance he received. The testimony at the hearing upon which the order appealed from is based, did not provide evidentiary proof of willfulness, other than petitioner's unsupported assertion that appellant was working surreptitiously. Such assertion should have been explored by the Family Court in depth to determine its veracity and thus establish appellant's ability to comply with the support order, as amended, which is crucial to the issue of willfulness. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ STATE OF NEW YORK, Appellant, v ROBERT LANG, JR., Respondent.— In an action *inter alia* to enjoin defendant from altering the state of tidal wetlands, plaintiff appeals from so much of an order of the Supreme Court, Suffolk County, entered November 10, 1975, as (1) denied its motion for partial summary judgment and (2) granted defendant's cross motion for summary judgment and dismissed the complaint. Order affirmed insofar as appealed from, with $50 costs and disbursements. The record substantiates that defendant is the owner of a one-acre parcel which is completely surrounded by partially improved nonwetland property. Defendant's one-acre plot is only artificially connected to tidal waters by means of a ditch, culvert and pipe. Accordingly, the parcel is not a tidal wetland, as that term is defined in section 25-0103 of the Environmental Conservation Law. Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur. [84 Misc 2d 106.]