■ In the Matter of Town of Candor et al., Petitioners, v Robert F. Flacke, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Tioga County) to review a determination of the Department of Environmental Conservation which authorized the issuance of a permit to an applicant to construct and operate a sanitary landfill. Respondent William Frandsen applied to the Department of Environmental Conservation (DEC) on May 9, 1979, for authorization to construct and operate a solid waste management facility (i.e., a landfill) on a site in the Town of Candor, Tioga County. Pursuant to ECL 8-0109 (subd 4) Frandsen prepared a draft environmental impact statement. Thereafter, an adjudicatory hearing was conducted at which evidence was presented concerning the potential for surface and ground water contamination from runoff and leachate, traffic impact, air quality and insect and litter control. The Administrative Law Judge submitted a report at the close of the hearing which included findings of fact and conclusions of law. This report also served as the final impact statement (EIS). The hearing officer concluded that groundwater pollution was unlikely to occur and that, in the event that it did, it would be localized near the site. He recommended that Frandsen's application be approved subject to conditions including, *inter alia,* submission of a satisfactory water monitoring and sampling program, analysis of sampling conducted on all on-site monitoring wells and neighboring wells prior to depositing refuse, follow-up testing and corrective action if water quality problems should develop. The Administrative Law Judge also recommended requiring the posting of a $250,000 performance bond to insure development of an alternate water system for neighboring residents and other remedial measures should the need occur. The Commissioner of DEC adopted the hearing report in its entirety on May 6, 1980. The instant proceeding, seeking to set aside DEC's determination, was thereafter commenced. This court granted a stay pending the outcome of this proceeding. Petitioner's contentions (1) that the determination is not supported by substantial evidence, (2) that the EIS is defective, and (3) that the determination was affected by an error of law and was arbitrary and capricious in that it was made in violation of a local law, are all without merit. The determination of the DEC should be confirmed and the petition dismissed. Examination of the record reveals that the determination is supported by substantial evidence. The proof shows that an engineering firm conducted soil tests indicating that the soil at the site consisted of "Chenango silt loam". This same conclusion was reached

by the Tioga County New York Soil Survey published in 1953. Expert engineering opinion testimony rendered by a Cornell University engineering professor established that such soil was the most suitable for landfill sites. Petitioner offered no expert evidence to rebut this proof. The Administrative Law Judge based his conclusion on such evidence. Since our factual review is limited to the question of substantial evidence, such finding cannot be disturbed (CPLR 7803, subd 4; *Matter of Pell v Board of Educ.*, 34 NY2d 222). The hearing report, along with the draft EIS, served as the final EIS. The final EIS, as thus constituted, was sufficient to meet the requirements of the law (ECL 8-0109). There is no necessity, as petitioners seem to suggest, that an EIS make a determination that a project is needed. It is sufficient that an EIS, as here, make only a statement regarding the need for the action. Finally, petitioners raise for the first time in their brief the issue of the effect of a local ordinance purporting to regulate landfill operations in the Town of Candor. Having failed to introduce the ordinance at the hearing, the matter is not now properly before this court for review (see *Matter of Malkin v Tully,* 65 AD2d 228, 230). We further note that the relevant amendment to the ordinance appears to have been made effective August 11, 1980, almost a year subsequent to the hearing conducted in September of 1979. We have considered other arguments urged by petitioners and also find them to be unpersuasive. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.