■ In the Matter of RONALD COHN, as President of the Northeast Fruit Council, et al., Appellants, v ROBERT FLACKE, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered August 22, 1980 in Albany County, which dismissed petitioners' application in a proceeding pursuant to CPLR article 78, to vacate a determination issued by the Department of Environmental Conservation. The determination challenged herein denied petitioners' application to reclassify the pesticide endrin and impose restrictions on its use rather than the total prohibition presently in effect. Prior to 1970, endrin, a highly toxic pesticide capable of causing irreversible damage to the central nervous system of animals, including man, was widely used by apple growers to control pine voles, mouse-like rodents capable of causing substantial damage to apple trees. In 1970, the use of endrin in New York State was prohibited, but in 1977 the Department of Environmental Conservation authorized restricted use of endrin on a one-year basis, subject to a monitoring program to assess its effects on pine voles and the environment. Subsequent requests to use endrin have been refused. The thrust of petitioners' argument — that respondents gave undue weight to certain proof in the record while ignoring other proof — misapprehends the limited scope of judicial review in cases such as this, where administrative rule making is at issue. The reviewing court's function is exhausted when it finds a rational basis for the conclusions reached by the administrative body *(Ostrer v Schenck,* 41 NY2d 782, 786). "The fact that reasonable minds might have reached other conclusions after analysis of the same facts is wholly inadequate to warrant annulment" *(Matter of Betzler v New York State Civ. Serv. Comm.,* 78 Misc 2d 530, 533). An examination of the record reveals substantial proof that the use of endrin would create significant risks to man and his environment. The record also contains evidence discrediting the restrictions outlined by the Environmental Protection Agency in its report which concluded that restricted use of endrin could be beneficial. The fact that respondents chose to prohibit totally the use of endrin does not, as petitioners suggest, mean that respondents ignored the economic benefits of its use. Rather, in balancing the evidence of the risks and the benefits of endrin use, as presented by interested parties, respondents exercised their discretion by concluding that the risks so outweighed the benefits as to justify prohibition. In view of the evidence in the record supporting this conclusion, it cannot be said that respondents acted arbitrarily or that the determination was irrational. Petitioner's contention that the Federal Insecticide, Fungicide and Rodenticide Act pre-empts the New York State regulation prohibiting the use of endrin in New York State was not raised at the administrative level or at

Special Term and will not be considered by this court *(Matter of Town of Candor v Flacke,* 82 AD2d 951), except we note that the Federal act specifically authorizes the States to regulate the sale or use of pesticides "to the extent the regulation does not permit any sale or use prohibited by this [act]" (US Code, tit 7, § 136v, subd [a]). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.