■ F. L. D. CONSTRUCTION CORP., Respondent-Appellant, v HENRY G. WILLIAMS, Appellant-Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation (hereinafter DEC), dated August 28, 1984, which directed the issuance of a tidal wetlands permit and a State Pollution Discharge Elimination System (hereinafter SPEDES) permit to the petitioner upon certain conditions, the Commissioner of the DEC appeals, as limited by his brief, and the petitioner cross-appeals, from stated portions of a judgment of the Supreme Court, Richmond County (Sullivan, J.), dated August 16, 1985, which, *inter alia,* annulled the determination in part, upon a finding that the petitioner's property was not subject to tidal wetland regulation, and upon a finding that the commissioner's direction to eventually dismantle an existing sewage treatment plant was arbitrary and capricious, and which confirmed the determination in part.

Judgment modified, on the law, by deleting the decretal paragraphs thereof which annulled the commissioner's determination in part, and substituting therefor a provision confirming the commissioner's determination in its entirety. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Richmond County, for a hearing on the confiscation issue only.

By order dated February 13, 1985, this court, upon the motion of the petitioner F. L. D. Construction Corp., directed that this matter be remitted to the Supreme Court, Richmond County, for further proceedings in accordance with *Matter of Haines v Flacke* (104 AD2d 26). Pursuant to the procedure

outlined in *Matter of Haines v Flacke (supra,* pp 35-36), Special Term is to function as the court of first instance in proceedings brought pursuant to ECL 25-0404 where, as in the case at bar, the property owner alleges that the commissioner's determination resulted in an unconstitutional confiscation of property. Under such circumstances, Special Term is supposed to pass on the rationality of the commissioner's determination and then, if necessary, hold an evidentiary hearing on the constitutional issue. However, Special Term, upon remittitur, did not reach the constitutional issue, since it concluded that the petitioner's property was not subject to regulation under the tidal wetland statutes (ECL art 25). This determination was based on the court's finding that the petitioner's property was not located within a tidal wetland adjacent area, as defined by the DEC regulations (6 NYCRR 661.4 [b] [1] [i]) since, as of the effective date of those regulations, there existed on the petitioner's property a "functional and substantial man-made structure" lying generally parallel to the most landward boundary of the tidal wetland itself (6 NYCRR 661.4 [b] [1] [ii]). We disagree with this determination, and find that the petitioner's land is subject to tidal wetland jurisdiction.

Special Term based its conclusion that the DEC had no tidal wetland jurisdiction upon its finding that a "rip-rap" wall was in existence on petitioner's property as of August 20, 1977, the effective date of the applicable regulations. However, the record also contains substantial evidence that the "rip-rap" wall is merely construction debris and fill which does not necessarily constitute a "functional and substantial man-made structure". In fact, there was evidence that the nearby tidal wetland had actually expanded, since the filing of the official inventory map, into areas of the petitioner's property, despite the existence of this "rip-rap" wall. Thus, there was a substantial basis for the commissioner's determination that no such functional and substantial structure existed at the relevant time. The DEC therefore has wetland jurisdiction over portions of the petitioner's property.

The next question, then, is whether the commissioner's exercise of that jurisdiction was arbitrary. Upon our review of the record, we find that the commissioner's determination to issue a tidal wetland permit subject to certain conditions, including a condition that the petitioner create a "buffer zone" of 50 to 75 feet from the edge of Bridge Creek, is supported by substantial evidence, and must therefore be confirmed. The conditions imposed by the commissioner are reasonable ones designed to prevent an unduly adverse impact

on the value of the wetland as a wildlife habitat (6 NYCRR 661.10 [c] [3]).

Although Special Term found that the DEC did not have jurisdiction over the petitioner's property under the tidal wetland statutes, it upheld the commissioner's exercise of jurisdiction over the petitioner's sewage treatment plant. This was proper, since the plant is also subject to regulation under ECL article 17. Although the commissioner, in adopting portions of the report of the DEC Administrative Law Judge, found that the petitioner's sewage treatment plant "meets all the criteria for the issuance of the requested SPEDES permit", the SPEDES permit was granted subject only to certain conditions, including the posting of a $10,000 bond. Special Term found that all the conditions imposed on the granting of the SPEDES permit were supported by substantial evidence in the record, except for the condition that the petitioner eventually dismantle the existing sewage treatment plant upon obtaining a franchise to use the city sewers. The court therefore vacated that condition. While we agree with so much of Special Term's decision as confirmed the imposition of various conditions, it was error to annul the condition relating to the eventual removal of the sewage treatment plant. The commissioner's order that the sewage treatment plant be dismantled was made in conformity with the recommendations of the Administrative Law Judge. The Administrative Law Judge concluded that the sewage treatment plant was located in the tidal wetland adjacent area. Thus, even if the plant complied in all respects with the SPEDES requirements, it would still be subject to regulation under the tidal wetland statutes. The eventual removal of the sewage treatment plant from the tidal wetland adjacent area was properly made a condition to the grant of the SPEDES permit, and is consistent with the creation of the 50- to 75-foot buffer zone discussed above.

Accordingly, the determination under review should have been confirmed. Pursuant to the previous order of this court, the matter must be remitted for a hearing on the petitioner's constitutional claim in accordance with *Matter of Haines v Flacke (supra)*. Mangano, J. P., Gibbons, Kooper and Spatt, JJ., concur.