■ JACK COLETTA, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. —Proceeding pursuant to CPLR article 78 to review a determination of the Department of Environmental Conservation (hereinafter the DEC), dated August 5, 1985, which, after a hearing, ordered the amendment of certain tidal wetlands maps in the County of Queens to extend landward the tidal wetlands boundary on a parcel of real property leased by the petitioner from the City of New York.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We find unpersuasive the petitioner's contention that the DEC's determination was arbitrary and capricious because it conflicted with a prior statement that no amendment to the tidal wetlands maps would be necessary. Contrary to the petitioner's claim, the record reveals that the DEC was apprised of additional scientific evidence from outside sources concerning the nature and extent of the wetlands on the subject property after the DEC indicated that a map amendment was unwarranted. This additional information suggesting that an alteration in the applicable wetlands maps might be appropriate prompted the DEC to conduct further on-site inspections and studies and to eventually order a map-amendment hearing. As such, the ordering of the hearing was a rational exercise of the DEC's authority (see, ECL 25-0201 [6]; 6 NYCRR 661.27 [b]). Similarly, the determination authorizing the proposed amendment was supported by the statements of numerous experts who presented proof that additional portions of the property were subject to tidal action and tidal inundation. Moreover, the record demonstrates that several species of wetlands vegetation and various marine organisms exist on the property; hence, the determination that the proposed areas are tidal wetlands is rational and is supported by substantial evidence in the record (see, ECL 25-0103 [1]; see generally, F.L.D. Constr. Corp. v Williams, 122 AD2d 189, appeal dismissed 68 NY2d 996; Matter of Haines v Flacke, 104 AD2d 26; Matter of Cohn v Flacke, 84 AD2d 595).

Equally unavailing is the petitioner's contention that certain portions of the property cannot be considered tidal wet-

lands because their present characteristics were brought about through entirely artificial means. The Administrative Law Judge properly concluded from the credible evidence in the record that the freshwater runoff emanating from a storm drain situated near the property, along with tidal action, may have contributed to the continued erosion of a gully which exists on the parcel and contains wetlands. Thus, the role of the storm runoff as merely one possible contributing factor to such erosion, and the fact that portions of the instant parcel lie beneath tidal waters, distinguish this case from *State of New York v Lang* (52 AD2d 921) and *O'Brien v Barnes Bldg. Co.* (85 Misc 2d 424, *affd* 48 AD2d 1018), and refute the petitioner's argument that the wetlands resulted wholly from artificial forces. Additionally, we note that the Tidal Wetlands Act, like the Freshwater Wetlands Act (ECL art 25), contains no language which precludes the application of its provisions to wetlands which are artificially created *(see, Matter of Rappl & Hoenig Co. v New York State Dept. of Envtl. Conservation,* 61 AD2d 20, *affd* 47 NY2d 925). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.