■ In the Matter of MERRICK JEWISH CENTRE, INC., et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation (hereinafter the DEC), dated September 3, 1985, which, after a hearing, directed that a tidal wetlands map pertaining to certain real property located in the Town of Hempstead be amended to reclassify a portion of property owned by the petitioner Merrick Jewish Centre, Inc.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

We find unpersuasive the petitioners' contention that the DEC lacked authority to hold a map-amendment hearing to reclassify the subject property from the status of an "adjacent area" to that of land which was "formerly connected [to] tidal wetlands" (see, 6 NYCRR 661.4 [b] [1]; [hh] [6]). The Tidal Wetlands Act (ECL art 25) expressly authorizes the amendment of wetlands maps (see, ECL 25-0201 [6]), and the Commissioner of the DEC has reasonably interpreted this grant of authority to include the power "to alter the classification of a wetland * * * as may be necessary to conform such maps to actual on-site conditions" (6 NYCRR 661.27 [b] [1]). Similarly, the proof of tidal inundation and the existence of various

types of wetlands vegetation and marine organisms on the subject property demonstrates that the reclassification of the area had a rational basis and is supported by substantial evidence in the record (see generally, F.L.D. Constr. Corp. v Williams, 122 AD2d 189, appeal dismissed 68 NY2d 996; Matter of Haines v Flacke, 104 AD2d 26; Matter of Cohn v Flacke, 84 AD2d 595; Town of Hempstead v Flacke, 82 AD2d 183).

We have considered the petitioners' remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Kunzeman and Sullivan, JJ., concur.