■ In the Matter of THOMAS THOMPSON, Appellant, v DE-PARTMENT OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a declaratory ruling of the Deputy Commissioner of the respondent Department of Environmental Conservation (hereinafter the DEC), dated December 11, 1984, which interpreted the provisions of the Tidal Wetlands Act (ECL art 25) to authorize the amendment of a tidal wetlands map pertaining to a certain parcel of real property located in Suffolk County during the permit application process, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Luciano, J.), dated November 27, 1985, which dismissed the proceeding on the merits.

Ordered that the judgment is affirmed, with costs.

It is well settled that "the construction given statutes by the agency responsible for their administration is entitled to great deference and shall be upheld if not irrational or unreasonable" *(Matter of Wedinger v Goldberger,* 129 AD2d 712, 715; *see, Matter of Haines v Flacke,* 104 AD2d 26). Contrary to the petitioner's present contentions, we find that Declaratory Ruling DEC 25-02, which authorizes the amendment of tidal wetlands boundary maps at any time, including the period subsequent to the filing of a permit application, constitutes a rational interpretation of the Tidal Wetlands Act and the regulations promulgated thereunder. The Legislature has expressly required that the Commissioner of the DEC readjust and amend the maps in order to reflect physical changes in tidal wetlands (ECL 25-0201 [6]). Similarly, the Commissioner has rationally interpreted this grant of authority to include the power to alter the boundaries of a given wetland area on an inventory map when conditions so warrant *(see,* 6 NYCRR 661.27 [b]; *see generally, Matter of Merrick Jewish Centre v New York State Dept. of Envtl. Conservation,* 128 AD2d 877). Given the strong declaration of policy to preserve and protect wetlands *(see,* ECL 25-0102), the natural propensity of wetlands boundaries to change with the passage of time, and the Commissioner's need for the most recent and accurate scientific information when reviewing a tidal wetlands permit application *(see,* ECL 25-0403 [1], [3]), we conclude that it is reasonable for the DEC to conduct on-site inspections of a given parcel and to propose a map amendment if warranted *(see generally, Matter of Merrick Jewish Centre v New York State Dept. of Envtl. Conservation, supra),* even where an application for a permit to develop the affected realty has

already been filed (see, Jack Coletta, Inc. v New York State Dept. of Envtl. Conservation, 128 AD2d 755).

We have considered the petitioner's remaining contentions and find them to be without merit. Mangano, J. P., Eiber, Sullivan and Harwood, JJ., concur. [See, 130 Misc 2d 123.]