In the Matter of JOSEPH GAZZA, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent dated June 26, 1986, which denied the petitioner's request to demap a portion of his property designated as "Formerly Connected Tidal Wetlands" on Tidal Wetlands Map No. 702-520 and in addition, denied his request for a setback variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated October 8, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The respondent's denial of the petitioner's request for de-mapping has a rational basis and is supported by substantial evidence in the record *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). After an inspection of the petitioner's property by Department of Environmental Conservation staff members, they concluded that the area in question is a "vital tidal wetland, regularly inundated with tidal waters" and vegetated by at least five of the plant species which denote tidal wetlands pursuant to ECL 25-0103. The evidence in this record does not support the petitioner's contention that the wetlands on his property were entirely created by artificial means, nor would such a fact, even if proven, necessarily divest the respondent of authority to regulate and restrict their use *(see, Jack Coletta, Inc. v New York State Dept. of Envtl. Conservation,* 128 AD2d 755, *lv denied* 70 NY2d 602; *Matter of Rappl & Hoenig Co. v New York State Dept. of Envtl. Conservation,* 61 AD2d 20, *affd* 47 NY2d 925, *rearg denied* 48 NY2d 651).

There is likewise a rational basis for the denial of a setback variance because, as the court's own inspection determined, to permit construction where the petitioner desires to build would "destroy tidal wetlands, marine and plant life" which the respondent is empowered to protect (ECL art 25). The petitioner has failed to show that his request to build within 54.67 rather than 75 feet of the wetlands is justified. His survey established that the "average setback" of "substantially all" existing structures within 500 feet of his property was greater than 54.67 feet *(see,* 6 NYCRR 661.6 [a] [1]). Mollen, P. J., Mangano, Brown and Harwood, JJ., concur.