[611 NYS2d 663]

In the Matter of CHEMICAL SPECIALITIES MANUFACTURERS AS- SOCIATION et al., Respondents, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, et al., Appellants.

Third Department, May 5, 1994

APPEARANCES OF COUNSEL

*G. Oliver Koppell, Attorney-General,* Albany *(Maureen F. Leary, Peter H. Schiff* and *Douglas H. Ward* of counsel), for appellants.

*Hinman, Straub, Pigors & Manning,* Albany *(Eileen M. Considine* and *Beverly Cohen* of counsel), and *McKenna & Cuneo,* Washington, D.C. *(Charles A. O'Connor, III,* and *Thomas B. Johnston* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

At issue on this appeal is whether respondent Commissioner of Environmental Conservation has the authority to promulgate a regulation that effectively prohibits the sale, use or distribution in the State of products containing high concentrations of the pesticide commonly known as DEET. We conclude that the Commissioner has such authority and that the record contains evidence that establishes a rational basis for the regulation.

Based upon documented adverse health impacts associated with the use of products containing DEET, respondent Department of Environmental Conservation (hereinafter DEC) issued a rule-making notice that proposed an amendment to the restricted use pesticide list contained in 6 NYCRR 326.2 (b) to limit products for use on humans to concentrations of 30% or less of DEET. The proposed regulation later provided that

products with concentrations of 33.3% or less of DEET in controlled release formulas would also remain available for use by the general public in New York.

When the regulatory amendment was proposed, there were a number of manufacturers whose products which had concentrations in excess of 30% of DEET were registered for distribution and sale in New York pursuant to title 7 of ECL article 33. All such parties were notified of the proposed regulation and provided with relevant technical background documents. After conducting a public hearing, assessing comments from the public, and issuing a negative declaration and revised declaration pursuant to ECL article 8, the Commissioner adopted the DEET regulation (see, 6 NYCRR 326.2 [b] [10]).

Petitioners, users or manufacturers of high concentration DEET products and a trade association of chemical manufacturers, commenced this proceeding seeking declaratory and injunctive relief. Supreme Court held that respondents had exceeded their statutory rule-making authority, annulled the DEET regulation and enjoined respondents from enforcing the regulation. Respondents appeal from the judgment.

ECL 33-0303 (3) (d) authorizes the Commissioner "[t]o promulgate a list of restricted use pesticides and the usages of such pesticides that may be permitted subject to whatever conditions or limitations which the [C]ommissioner deems appropriate to fully protect the public interest". A "restricted use pesticide" is defined as one "[w]hich the [C]ommissioner finds is so hazardous to man or other forms of life that restrictions on its sale, purchase, use, or possession are in the public interest" (ECL 33-0101 [42] [b]). The authority contained in ECL 33-0303 (3) (d) is consistent with the broad delegation of power to the Commissioner relating to "all matters pertaining to the distribution, sale, use and transportation of pesticides" (ECL 33-0303 [1]), and includes the authority to designate pesticides as restricted and to prescribe the permissible concentration levels of such restricted use pesticides (see, Matter of Ames v Smoot, 98 AD2d 216, 221, appeal dismissed 62 NY2d 804).

We reject petitioners' claim that the rule-making authority contained in ECL 33-0303 (3) (d) applies only when DEC wants to restrict use of a pesticide to certified applicators or purchaser permit holders. Pursuant to ECL 33-0905 (1), persons who engage in the commercial or private application of restricted use pesticides must be certified by the Commissioner.

Pursuant to ECL 33-0903 (1), a purchase permit or certification identification card is required for the purchase, possession or use of a restricted use pesticide. These provisions do not, in our view, preclude the Commissioner from entirely prohibiting the distribution, sale and use of a restricted use pesticide. The authority to determine "the usages of such [restricted use] pesticides that may be permitted subject to whatever conditions or limitations which the [C]ommissioner deems appropriate to fully protect the public interest" contained in ECL 33-0303 (3) (d) is sufficiently broad to include the authority to prohibit the use of a restricted use pesticide *(see, Matter of Ames v Smoot, supra,* at 221), if there is a rational basis for the Commissioner's conclusions *(see, Matter of Cohn v Flacke,* 84 AD2d 595). We conclude, therefore, that the Commissioner had the authority to determine that DEET in concentrations greater than 30% is a restricted use pesticide which should not be distributed, sold or used in New York.

■ Petitioners also contend that the DEET regulation is invalid because it effectively cancels the registrations of all products that contain concentrations of DEET in excess of 30% without providing the procedural protections required by title 7 of ECL article 33. We conclude that the Commissioner's authority to regulate restricted use pesticides, which is contained in ECL 33-0303 (3) (d), is separate, distinct and independent from the requirements concerning the registration of pesticides, which are found in title 7 of ECL article 33. ECL 33-0303 (3) (d) concerns the regulation of any pesticide that is "so hazardous to man or other forms of life that restrictions on its sale, purchase, use, or possession are in the public interest" (ECL 33-0101 [42] [b]). The Commissioner is given the broad authority to determine which pesticides are subject to restriction *(see, ibid.)* and to limit or condition the usage of such pesticides *(see,* ECL 33-0303 [3] [d]). Title 7 of ECL article 33 concerns the registration of individual pesticide products, which is a prerequisite to a pesticide product's use, distribution or sale in this State *(see,* ECL 33-0701). The Commissioner's authority in the registration process is limited to determining whether the particular product, its label and other material comply with the requirements of ECL article 33 *(see,* ECL 33-0709, 33-0713 [1]).

When the Commissioner exercises the authority concerning public health, safety and welfare under ECL 33-0303 (3) (d) and promulgates a regulation that designates a restricted use pesticide and imposes limitations or conditions on the use of

such pesticide, the Commissioner creates a fixed, general principle to be applied by DEC without regard to other facts and circumstances relevant to the underlying regulatory scheme. In so doing, the Commissioner acts in a quasi-legislative capacity *(see, People v Cull,* 10 NY2d 123, 125; *Matter of Connell v Regan,* 114 AD2d 273, 275-276), and this determination involves not just factual data, but also broader judgmental considerations based upon expertise and experience *(see, Matter of Highland Nursing Home v Axelrod,* 164 AD2d 83, 85). When the Commissioner exercises the authority over the registration of pesticides, a determination is made based upon the facts involving a specific product. In so doing, the Commissioner acts in an adjudicatory capacity *(see, Matter of 1616 Second Ave. Rest. v New York State Liq. Auth.,* 75 NY2d 158). Given the substantial differences between the scope of the Commissioner's authority and the capacity in which the Commissioner acts pursuant to ECL 33-0303 (3) (d) and title 7 of ECL article 33, we conclude that the procedural protections of title 7 are not applicable when the Commissioner acts pursuant to ECL 33-0303 (3) (d).

■ As to the propriety of the DEET regulation promulgated by the Commissioner pursuant to ECL 33-0303 (3) (d), the regulation will be upheld if it has a rational basis and is not unreasonable, arbitrary or capricious *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166; *Matter of Cohn v Flacke, supra).* Our review of the record reveals sufficient evidence to provide the rational basis for the Commissioner's conclusion that possible detrimental side effects from the human use of high concentration DEET products outweigh possible benefits of their use. Petitioners also claim that respondents failed to comply with the requirements of ECL article 8, but the record establishes that the Commissioner identified the relevant areas of environmental concern, took a "hard look" at them and made a reasoned elaboration for the determination *(see, Chinese Staff & Workers Assn. v City of New York,* 68 NY2d 359). We find no merit in petitioners' constitutional claim based upon the Commerce Clause of the Federal Constitution.

■ As a final matter, we reject respondents' contention that pesticide product registrations issued pursuant to ECL 33-0709 can be revoked by the Commissioner's rule-making authority under ECL 33-0303 (3) (d). As previously discussed, the Commissioner's rule-making authority and the authority over the registration of products are separate, distinct and indepen-

dent. The Commissioner may designate a pesticide as a restricted use pesticide and prohibit its use pursuant to ECL 33-0303 (3) (d), but the Commissioner must act pursuant to ECL 33-0713 to cancel registrations of products that contain the restricted use pesticide. The registrant has certain procedural rights *(see,* ECL 33-0715, 33-0717), but we agree with respondents that the only issue that can be raised by the registrant is whether the product, its labeling or other material complies with the provisions of ECL article 33 *(see,* ECL 33-0713 [1]). The registrant cannot challenge the validity of the DEET regulation, which we have held to be valid in this proceeding.

The petition seeks declaratory relief and the appropriate remedy for challenging the validity of a regulation is a declaratory judgment action *(see, Boreali v Axelrod,* 71 NY2d 1). The judgment should, therefore, be modified to declare that the DEET regulation is valid, but does not automatically cancel existing registrations of pesticide products with concentrations of DEET in excess of those permitted by the regulation.

MIKOLL, J. P., CREW III, WHITE and PETERS, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by deleting therefrom the first four decretal paragraphs; it is declared that 6 NYCRR 326.2 (b) (10), as filed with the Secretary of State in April 1992, has not been shown to be invalid, but does not automatically cancel the registrations of products containing concentrations of the pesticide DEET in excess of those permitted by the regulation; and, as so modified, affirmed.