■ In the Matter of PAUL PALMIERI, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [820 NYS2d 77]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation pursuant to Environmental Conservation Law articles 15 and 25 that, inter alia, the petitioner's application for a permit to extend his dock was incomplete, the petitioner appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated July 25, 2003, which, inter alia, upon, in effect, determining that the petitioner's wetland permit was complete, directed an administrative hearing on the issue of whether an inspection of his property by the Department of Environmental Conservation was reasonably necessary.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court, in effect, determined that the petitioner's wetlands permit application was complete. However, the fact that an application is complete does not preclude the Department of Environmental Conservation (hereinafter the DEC) from requesting supplemental information, including an on-site inspection, during the postcompletion review of an application (*see* 6 NYCRR 621.1 [c]; 621.7 [f]; 621.15 [b]; *Matter of Benlevi Obedian & Benlevi v New York State Dept. of Envtl. Conservation*, 144 AD2d 358, 361 [1988]; *Matter of Atlantic Cement Co. v Williams*, 129 AD2d 84, 90 [1987]). Under the circumstances of this case, the Supreme Court properly directed an administrative hearing on the issue of whether an inspection of the petitioner's property was reasonably necessary.

Contrary to the petitioner's contention, the Fourth Amendment to the United States Constitution does not bar a warrantless inspection of his premises (*see Palmieri v Lynch*, 392 F3d 73 [2004], *cert denied* 546 US —, 126 S Ct 424 [2005]; *see also Vernonia School Dist. 47J v Acton*, 515 US 646 [1995]; *Matter of Thompson v Department of Envtl. Conservation of State of N.Y.*, 132 AD2d 665 [1987]). A request by the DEC for an on-site inspection of the wetlands and adjacent areas on his property, in order to review the accuracy and impact of the petitioner's permit application, fell within the special needs exception to the Fourth Amendment's warrant requirement (*see Palmieri v Lynch, supra*). In this instance, the state's interest in protecting

wetlands is strong. Moreover, the petitioner's expectation of privacy was diminished by the fact that his yard was open and exposed to the Great South Bay, that he applied for a permit to build in tidal wetlands, that he had previously consented to periodic inspections, and that the inspection would be a minimal intrusion (*id.; see also Vernonia School Dist. 47J v Acton, supra; Matter of Thompson v Department of Envtl. Conservation of State of N.Y., supra*).

The petitioner's remaining contentions are without merit (*see Matter of Northern Metro. Residential Healthcare Facility, Inc. v Novello*, 24 AD3d 1069, 1071 n 1 [2005]; *DiCarlo v City of New York*, 286 AD2d 363, 365 [2001]; *Matter of Calm Lake Dev. v Town Bd. of Town of Farmington*, 213 AD2d 979 [1995]). Florio, J.P., Crane, Ritter and Fisher, JJ., concur.